Argued and submitted July 31, 2012, affirmed December 18, 2013

**STATE OF OREGON,**
*Plaintiff-Appellant,*

*v.*

**SHERRY DIANE GRANBERRY,**
*Defendant-Respondent.*

Josephine County Circuit Court
05CR0959; A146638 (Control), A146962

316 P3d 363

Jamie Contreras, Assistant Attorney General, argued the cause for appellant. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for respondent. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

The state appeals a judgment dismissing a charge against defendant for unlawful possession of a controlled substance. The trial court dismissed the charge pursuant to a conditional-discharge agreement under which defendant had been placed on probation. *See generally* ORS 475.245.[1] The state sought a court determination that defendant had violated the terms of her probation and to have the court enter a conviction on the drug-possession charge, but the court rejected the state's request on the ground that the state had not sought that relief before defendant's probation had expired. The state assigns error to the dismissal of the charge, and we affirm.

We summarize the facts, which are undisputed. The state charged defendant with a single count of unlawful possession of marijuana, ORS 475.864. Defendant pleaded guilty to the charge in February 2007 pursuant to a conditional-discharge agreement. In accordance with the agreement, the court deferred the proceedings and placed defendant on probation with Josephine County Community Corrections for two years. The terms of defendant's probation required her to pay all of her court-ordered financial obligations, refrain from using or possessing controlled substances without a prescription, and obey all laws. In conformity with ORS 475.245, the court ordered that, on "fulfillment of the terms and conditions of [defendant's] probation, the court shall discharge the defendant and dismiss the proceedings without an adjudication of guilt." (Capitalization altered.)

Defendant's term of probation ended on February 6, 2009, but neither the state nor defendant took action at that time. On March 19, 2009, in an apparent attempt to resolve

---

[1] ORS 475.245 provides, as relevant:

"Whenever any person pleads guilty to or is found guilty of possession of a controlled substance * * *, the court, without entering a judgment of guilt and with the consent of the district attorney and the accused, may defer further proceedings and place the person on probation. Upon violation of a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against the person."

the proceedings, the trial court forwarded defendant's case register to the state.[2] The following day, the state filed a motion for an order to show cause why the court should not enter a conviction on the unlawful possession charge that was the subject of the conditional-discharge agreement. The state's motion, and an accompanying affidavit, alleged that defendant had failed to comply with the terms of her probation. Specifically, it alleged that she had failed to pay her court-ordered financial obligations and had been convicted in October 2008 of theft and of unlawful possession or use of a prescription drug.

The court conducted a hearing on the show-cause order in August 2010. There, defendant conceded that she had failed to comply with the terms of her probation, but she contended that the court lacked authority to enter a judgment of conviction based on her failure to comply. Defendant argued that, under Oregon's probationary scheme, the state was required to file its show-cause motion—or take other action to establish a violation—before the probationary term expired. Because the state had failed to do that, defendant argued that the court was required to treat defendant as having fulfilled the terms of her probation and, thus, to dismiss the drug-possession charge pursuant to ORS 475.245 and the conditional-discharge agreement.

The state disagreed. It acknowledged that, when a defendant is *sentenced* to a term of probation, the state cannot initiate probation-violation proceedings after the conclusion of the probationary period. However, it distinguished a sentence of probation, which is imposed in a judgment of conviction, from probation imposed under a conditional-discharge agreement, which defers the proceedings without the entry of a judgment. The state contended that, because there is no judgment in the conditional-discharge context, the trial court retained jurisdiction over defendant—and, consequently, the authority to find defendant in violation of the terms of her probation—until the court entered a judgment of conviction or dismissal. And the state contended that, because defendant had not, in fact, complied with the

---

[2] That action was accompanied by a note in the register: "case register sent to DA for dismissal or s/c."

terms of her probation, she was ineligible for discharge and dismissal.

The trial court agreed with defendant. In a letter opinion, the court explained that ORS 475.245 contemplates "two things that can happen" to a defendant who enters into a conditional-discharge agreement: The defendant can either complete the probationary term successfully, obligating the court to dismiss the charge, or the defendant can violate the terms of probation, allowing the court to "enter an adjudication of guilt and proceed as otherwise provided." ORS 475.245. The court reasoned that "the [s]tate must proceed 'as otherwise provided' for a probation violation," which includes initiating violation proceedings during the probationary term. Because the state had failed to do that, the court concluded that it "retain[ed] jurisdiction" after the completion of defendant's probationary term "only to dismiss the charge against defendant[] and not to initiate probation violation proceedings." The court then entered a judgment dismissing the charge against defendant, and the state appealed.

The parties' arguments on appeal emphasize different parts of ORS 475.245 and, therefore, must be understood in the context of the entire statute.[3] Conceptually, ORS 475.245 can be divided into two parts. The first half—contained in the statute's first sentence—addresses the availability and creation of a conditional-discharge agreement:

"Whenever any person pleads guilty to or is found guilty of possession of a controlled substance * * *, the court, without entering a judgment of guilt and with the consent of

---

[3] We note that, although the parties tend to frame their arguments in terms of jurisdictional rules and limitations, this dispute is not jurisdictional in nature. No one disputes that the trial court had jurisdiction over defendant and the case at all times pertinent to this appeal. Instead, the parties' arguments center on the scope of the trial court's authority, under ORS 475.245, to enter an adjudication of guilt based on a violation of probation conditions under a conditional-discharge agreement. *See State v. O'Neal*, 24 Or App 423, 427, 545 P2d 910 (1976) (noting that Oregon has adopted "the general rule that the sentencing authority of a court exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized" (citing *State v. Cotton*, 240 Or 252, 400 P2d 1022 (1965)). Likewise, despite the use of the term "jurisdictional" in its letter opinion, the court's analysis and its ultimate conclusion rested, not on jurisdictional limitations, but on the scope of the court's statutory authority under ORS 475.245.

the district attorney and the accused, may defer further proceedings and place the person on probation."

ORS 475.245. The second—contained in the statute's second and third sentences—addresses the termination of a conditional-discharge agreement, due to either violation or fulfillment of the terms of the defendant's probation:

"Upon violation of a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against the person."

ORS 475.245.

On appeal, both parties direct their arguments toward the second half of ORS 475.245. The state focuses on the final sentence of the statute, contending that the court's authority to dismiss the charges against defendant was conditioned on a showing that defendant had "fulfill[ed] the terms and conditions" of her probation. Under the state's reading, the onus of making that showing, and thereby demonstrating that she is entitled to discharge, rests squarely on defendant. Furthermore, the state contends that the temporal limitation that applies to a court's authority to enter a probation violation for a defendant serving a *sentence* of probation—*viz.*, the trial court's loss of authority to do that if probation-violation proceedings have not been initiated before the expiration of the defendant's sentence—does not apply in the conditional-discharge context. Thus, it contends, ORS 475.245 did not require the state to take action to terminate the conditional-discharge agreement before the end of defendant's term of probation. Consequently, the state contends that it may seek to establish a probation violation and, if established, the entry of a conviction on the charge that is the subject of a conditional-discharge agreement, at any time until a defendant meets her burden to establish that she is entitled to discharge—whether during, after, or years after a defendant's probationary term.

Defendant, in turn, focuses on the second sentence of ORS 475.245, noting that, although that sentence grants

the court authority to enter a judgment of conviction "[u]pon violation of a term or condition of probation," ORS 475.245 does not specify how the court is to determine whether a violation has occurred. Emphasizing the use of the term "probation" throughout ORS 475.245, defendant contends that, because the legislature provided no other definition of probation in the context of a conditional-discharge agreement, the standard rules and procedures for probation must apply. Defendant contends, consequently, that a proceeding to establish a probation violation must be commenced before the expiration of the probationary term. *See, e.g., State v. Miller*, 224 Or App 642, 645, 199 P3d 329 (2008) (court lacks authority to revoke probation if probation-violation proceeding is not initiated before expiration of probationary term). Because the state did not initiate such a proceeding against defendant before the expiration of defendant's probationary term, defendant argues that the trial court lacked authority to determine that she had violated her probation and correctly dismissed the charge against her.

As a starting point, we agree with defendant that "probation," as used in ORS 475.245, is best understood in the context of the statutes and case law governing probation that existed when the legislature enacted ORS 475.245 in 1977 as part of the Uniform Controlled Substances Act, Or Laws 1977, ch 745, § 21. *Cf. Mastriano v. Board of Parole*, 342 Or 684, 693, 159 P3d 1151 (2007) ("[W]e generally presume that the legislature enacts statutes in light of existing judicial decisions that have a direct bearing on those statutes."). Three aspects of ORS 475.245 lead us to that conclusion.

First, and primarily, is the legislature's use of the term probation. That term, undefined in ORS 475.245 or the Uniform Controlled Substances Act, evokes the court's well-delineated statutory authority to impose a term of supervised release in lieu of or in addition to incarceration. *See generally* ORS 137.520 - 137.630; *see also State v. Ludwig*, 218 Or 483, 492, 344 P2d 764 (1959) ("Probation is a statutory process * * *."). Thus, we assume that the legislature understood the term to have that well-understood legal meaning. *See, e.g., Allen v. County of Jackson County*, 340 Or 146, 154-55, 129 P3d 694 (2006).

Second, the structure of ORS 475.245 supports our conclusion. As noted, conceptually, the statute can be divided in half. The first half sets out, in detail, the creation of a term of probation pursuant to a conditional-discharge agreement; the second half sets out, in detail, the termination of such an agreement. *See* 260 Or App at 19. However, notably absent are any provisions to guide the court or the parties *during* the term of probation—that is, aside from the legislature's decision to employ the term probation. Thus, if the legislature did not intend to import the full features of probation through its use of that term, ORS 475.245 contains a glaring omission—*viz.*, the lack of direction on administering probation that is imposed under the statute. We do not believe that the legislature intended to do that, especially assuming, as we do, that the legislature enacted ORS 475.245 with full awareness of the probation statutes and case law in effect at the time. *See, e.g., DeNucci v. Henningsen*, 248 Or App 59, 74, 273 P3d 148 (2012) (court assumes that legislature enacts statutes in light of existing judicial decisions relevant to the statutes).

Third, the way in which ORS 475.245 provides for the termination of a conditional-discharge agreement supports the idea that the full procedures and structure of probation apply in the conditional-discharge context. That is because the statute does not contemplate competing, strictly binary outcomes. When a defendant satisfactorily completes a term of probation, the court is obligated to "discharge the person and dismiss the proceedings." However, the converse is not true: "Upon violation of a term or condition of probation," the court "*may* enter an adjudication of guilt." ORS 475.245 (emphasis added).

Implicit in that formulation is that the court may also *not* enter an adjudication of guilt based on a probation violation. The court's discretion in that respect makes sense only if other, alternative features of probation are available to the court. For example, applying the procedures attendant to probation, the court could instead opt to modify the conditions of probation. *See* ORS 137.540(6) ("Failure to abide by all general and special conditions [of probation] may result in arrest, modification of conditions, revocation of probation

or imposition of structured, intermediate sanctions \*\*\*.").
Likewise, the term of probation could, "in the discretion of
the court, be continued or extended." ORS 137.545(1)(a).

For those reasons, we conclude that the legislature
intended probation pursuant to ORS 475.245 to mirror pro-
bation under ORS chapter 137.[4] The thrust of the state's
argument on appeal is aimed, not at that broad conclusion,
but specifically at the requirement that proceedings to
establish a probation violation must commence before the
probationary term has expired. That requirement is rooted
in *Ludwig*, 218 Or 483. There, the defendant had been sen-
tenced to a two-year term of imprisonment, which was sus-
pended while the defendant was placed on a two-year term
of probation.[5] Just before the end of the defendant's proba-
tionary term, the trial court issued a bench warrant and an
order to show cause why the defendant's probation should
not be revoked. The court ultimately revoked the defen-
dant's probation, but the revocation hearing was held after
the termination of the defendant's probationary term.

On review, the Supreme Court concluded that the
statutes governing probation in Oregon at that time autho-
rized each of the trial court's actions. As relevant here, the
court relied on *former* ORS 137.550 (1957), *renumbered as*
ORS 137.545 (1999), which provided, as relevant:

> "At any time during the probation period, the court may
> issue a warrant and cause a defendant to be arrested for
> violating any of the conditions of probation. \*\*\* Thereupon
> the court, after summary hearing, may revoke the proba-
> tion and suspension of sentence and cause the sentence
> imposed to be executed \*\*\*."

The court concluded that, because the court had issued the
order to show cause and the bench warrant within the defen-
dant's probationary period, the court "had jurisdiction" to
conduct the revocation proceedings. *Ludwig*, 218 Or at 492.

---

[4] We acknowledge that some provisions in ORS chapter 137 refer expressly
to a sentence of probation. *See, e.g.,* ORS 137.523(1) ("judge sentences the defen-
dant to confinement in a county jail as a condition of probation"); ORS 137.520(2)
("having sentenced a defendant to probation and having confined the defendant
as a condition of that probation"). We need not and do not decide whether those
provisions apply in the context of probations imposed under ORS 475.245.

[5] At the time that the court decided *Ludwig*, probation was not a sentence,
but "a release by the court before sentence has commenced." 218 Or at 486-87.

Much like the parties before us, it appears that the court in *Ludwig* used the terms "jurisdiction" and "authority" loosely. *See id.* at 488 (*former* "ORS 137.510[, *repealed by* Or Laws 1971, c. 743, § 43,] is the source of the authority and jurisdiction for the court to grant probation"). As we have noted above, 260 Or App at 18 n 3, the proper inquiry in this case, as it was in *Ludwig*, is whether the trial court had statutory authority to impose or revoke probation. *See State v. O'Neal*, 24 Or App 423, 427, 545 P2d 910 (1976) (noting that Oregon has adopted "the general rule that the sentencing authority of a court exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized"). That statutory inquiry is not a jurisdictional one.

Thus, notwithstanding the Supreme Court's occasional use of the term "jurisdiction," the issue in *Ludwig* reduced to whether the probation statutes in effect at the time gave the trial court the statutory authority *to conduct* a probation-violation proceeding *after* the defendant's term of probation had expired. Building on *Ludwig*, we addressed in *O'Neal* whether a trial court has the authority *to initiate* a probation-violation proceeding *after* a defendant's term of probation has expired—a question that the court in *Ludwig* expressly declined to address. Relying on the same set of statutes, we held that

> "a court is without authority to revoke probation for a crime committed during the probationary period when revocation proceedings have not been initiated before the probationary period has expired."

24 Or App at 427. Stated another way, taken together, *Ludwig* and *O'Neal* stand for the proposition that, "*unless [a] defendant's probation was extended either by the court or by operation of law beyond [its original term]*, the court commit[s] error by initiating revocation proceedings * * * and revoking probation at a later time." *Miller*, 224 Or App at 645-46 (emphasis added).[6]

---

[6] Additionally, *Miller* was predicated on a trial court's authority under ORS 137.545, which remains in effect. In contrast, both *Ludwig* and *O'Neal* were decided under *former* ORS 137.550. In any event, the operative language has remained unchanged since *Ludwig*.

Returning to the state's argument on appeal, we see no basis for the distinction that the state advances between finding a probation violation for a probation imposed as a sentence and doing that for a probation imposed under ORS 475.245. As *Ludwig, O'Neal,* and *Miller* demonstrate, a court's authority to initiate probation-violation proceedings is expressly limited to "any time during the probation period." ORS 137.545(2). The salutary effect of that rule is that, where, as here, the state fails to initiate proceedings during the probationary period, it cannot establish a probation violation on which the court can act in the case in which the violation determination is sought.

That brings us, finally, to the state's characterization of the respective obligations of the state, the court, and defendant on the termination of probation under ORS 475.245, which, again, provides:

> "Upon violation of a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against the person."

As noted, the state contends that the court's authority to dismiss a charge against a defendant is conditioned on a showing that the terms of probation have been satisfied and that, unless and until the defendant makes that showing, the court cannot take action. The state does not point to, and we cannot find, that requirement in the text of ORS 475.245. Nor are we inclined to believe that the legislature intended a system in which the trial court is without authority—and the state without obligation—to take any action with respect to a defendant's charge. To the contrary, by its terms, ORS 475.245 requires the court to dismiss the charges against a defendant on the successful completion of the probationary term, which, for these purposes, is the completion of the term without the state having initiated a probation-violation proceeding against the defendant.[7]

---

[7] As we noted earlier, 260 Or App at 21, a court has authority to continue or extend probation imposed under ORS 475.245 notwithstanding a finding that the defendant has violated the terms of the defendant's probation. In that circumstance—*viz.*, when the court continues or extends probation notwithstanding a probation violation—the defendant will not, strictly speaking, have fulfilled

Here, defendant's probationary term expired without the state having initiated a probation-violation proceeding against her. Hence, the trial court lacked authority to find defendant in violation of the terms of her probation and, accordingly, the trial court correctly dismissed the drug-possession charge against defendant.

Affirmed.

---

the terms of the defendant's probation, but the defendant will nonetheless be entitled to discharge under the conditional-discharge agreement if the defendant otherwise successfully completes the probationary term. The same principle will apply to a defendant who violates the terms of the defendant's probation but who, because the state did not initiate a probation-violation proceeding before the expiration of the probationary term, will be entitled to discharge and dismissal.