Argued and submitted April 28, 2015, appeal dismissed September 8, 2016, petition for review denied February 2, 2017 (360 Or 852)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## EDWIN BAZA HERRERA,
aka Edwin Baza, aka Edwin Garza-Herrera,
aka Edwin Baza-Herrera, aka Edwin Herrera Baza,
*Defendant-Appellant.*

Klamath County Circuit Court
1002199CR; A152941

383 P3d 301

Dan Bunch, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Lagesen, Presiding Judge, and Flynn, Judge, and Haselton, Senior Judge.*

---

* Haselton, S. J., *vice* Duncan, J.

## HASELTON, S. J.

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894, assigning error to the entry of that judgment after the revocation of conditional discharge, ORS 475.245. Invoking *State v. Granberry*, 260 Or App 15, 316 P3d 363 (2013), defendant raises an unpreserved claim that, because the state did not initiate revocation proceedings before the expiration of the period of conditional discharge, the trial court lacked authority to enter the judgment of conviction.[1] The state does not dispute the substance of defendant's contention under *Granberry* but, instead, remonstrates that ORS 138.050 precludes our consideration of that challenge. In reply, defendant asserts that ORS 138.053(3), an explicit exception to ORS 138.050, confers appellate jurisdiction. For the reasons that follow, we conclude that, in these circumstances, ORS 138.053(3) is inapposite and, thus, that ORS 138.050 controls. Accordingly, we dismiss the appeal.

The circumstances germane to our putative consideration are undisputed. In September 2010, defendant was charged with one count of possession of a controlled substance (PCS), methamphetamine, and one count of driving under the influence of intoxicants, ORS 813.010. On September 27, 2010, defendant pleaded guilty to the PCS charge. Shortly thereafter, on October 18, 2010, the trial court entered a "Judgment of Conditional Discharge," pursuant to ORS 475.245.[2] That "judgment provided," in part, that, based on

---

[1] As described below, 280 Or App at 833-34, the judgment in this case antedated the issuance of our opinion in *Granberry*. Further, as noted below, *id.* at 836 n 5, following *Granberry* the legislature amended ORS 475.245 so as to provide the authority held to be lacking in *Granberry*. *See* Or Laws 2015, ch 125, § 1.

[2] At the time of the entry of that judgment, ORS 475.245 (2009) provided:

"Whenever any person pleads guilty to or is found guilty of possession of a controlled substance under ORS 475.840(3), 475.854, 475.864, 475.874, 475.884 or 475.894, or of a property offense that is motivated by a dependence on a controlled substance, the court, without entering a judgment of guilt and with the consent of the district attorney and the accused, may defer further proceedings and place the person on probation. Upon violation of a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against the person. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for

defendant's guilty plea, "defendant be convicted" of the PCS charge, but that "[t]he conviction shall not be entered pending defendant's participation in the Klamath County Drug Court program." The judgment of conditional discharge further placed defendant on probation for "the presumptive probationary period of 18 months"—that is, until April 18, 2012—and specified that "[u]pon satisfactory completion of all conditions of the [county drug court] program and of supervision, including payment of all fees and completion of the required treatment program, the conviction herein shall be set aside by the court and the case shall be dismissed with prejudice[.]" Conversely, "[i]n the event the defendant is unsuccessfully terminated, the conviction herein shall be entered of record, and the defendant shall be placed on formal probation for ___ months or a prison sentence may be imposed if appropriate, subject to (but not limited to) [specified] conditions."[3] (Blank space in original.)

Beginning in the spring of 2011, defendant periodically violated the terms of conditional discharge. Specifically, beginning in May 2011, and on several occasions during the balance of 2011, the trial court imposed five-day jail sanctions for violations of probation. However, the court did not extend defendant's period of probation under the judgment of conditional discharge or enter an adjudication of guilt as permitted under ORS 475.245 and the conditional discharge judgment.

In the winter and spring of 2012, defendant apparently continued to appear at drug court hearings pursuant to the terms of his conditional discharge. On April 18, 2012, the period of probation under the conditional discharge judgment expired. However, it does not appear that either the

---

purposes of disqualifications or disabilities imposed by law upon conviction of a crime. There may be only one discharge and dismissal under this section with respect to any person."

ORS 475.245 has been amended several times since 2009. *See* Or Laws 2011, ch 524, § 2; Or Laws 2013, ch 75, § 1; Or Laws 2015, ch 125, § 1; Or Laws 2016, ch 24, § 58. Unless otherwise specified, all references to ORS 475.245 are to the 2009 version.

[3] It is unclear why the trial court denominated that disposition a "judgment" rather than an order, or included a reference to "conviction," given that, under ORS 475.245, no "judgment of guilt" could be entered at that point—as the court itself recognized.

state or defendant acted in response to that circumstance—including, *e.g.*, the state, by moving before April 18 to extend or revoke probation, or defendant, by moving after April 18 for dismissal of the PCS charge.

Thereafter, on May 14, the trial court—without any objection from defendant—imposed a 10-day jail sanction for noncompliance (nonattendance for treatment programs) that occurred after April 18. On July 9, 2012, defendant apparently failed to appear for a drug court hearing, and the court stated that it was considering terminating the conditional discharge.

Ultimately, on September 11, 2012, the court determined to terminate the conditional discharge based on defendant's noncompliance and, consequently, to enter a judgment of conviction for PCS and impose sentence. In doing so, the court acknowledged that the 18-month probationary term had expired and expressed its view that that circumstance neither precluded the court from entering a judgment of conviction predicated on defendant's guilty plea ("I don't doubt that the Court retains the authority to enter the conviction") nor from imposing sentence on that conviction. Defense counsel did not object to the entry of the judgment of conviction as being precluded by the previous expiration of the term of probation prescribed under the judgment of conditional discharge.[4]

The trial court subsequently entered the judgment from which defendant appeals. As pertinent, that judgment states that defendant "is found in violation of the Conditional Discharge previously granted" and that, consequently, the "Conditional Discharge is hereby revoked and a conviction entered," with defendant placed on probation for 18 months.

On appeal, defendant assigns error exclusively to the trial court's entry of the judgment of conviction for PCS. As noted, that claim of error is predicated on *Granberry*.

---

[4] Defense counsel did, however, argue that, regardless of the entry of the judgment of conviction, under the reasoning of *State v. Vanlieu*, 251 Or App 361, 368-70, 283 P3d 429 (2012) (probation cannot be revoked based solely on conduct occurring after expiration of the term of probation), the court could not impose sentence upon entry of the conviction where the termination of conditional discharge was based on alleged noncompliance that occurred after April 18, 2012. Defendant does not renew that contention on appeal.

In *Granberry*, the defendant pleaded guilty to possession of a controlled substance and, pursuant to a conditional discharge agreement, was placed on probation for two years, with that term ending on February 6, 2009. 260 Or App at 16. On March 20, 2009, after the term of probation, the state filed a motion for an order to show cause why the court should not enter a conviction on the PCS charge based on the defendant's guilty plea, asserting, *inter alia*, that in October 2008, during the conditional discharge probationary period, the defendant had been convicted of other crimes. *Id.* at 17. In response, the defendant asserted that, because the state had failed to initiate proceedings, based on the purported violation, before the probationary period expired, "the court was required to treat defendant as having fulfilled the terms of her probation and, thus, to dismiss the drug-possession charge pursuant to ORS 475.245 and the conditional-discharge agreement." *Id.*

The trial court denied the state's motion, agreeing with the defendant that, under the then-extant version of ORS 475.245, the state was obligated to initiate violation proceedings during the probationary term but had failed to do so. 260 Or App at 18. Accordingly, the trial court entered a judgment dismissing the PCS charge. *Id.*

The state appealed, and we affirmed, substantially endorsing the trial court's rationale. *Id.* at 20-24. In so holding, we reasoned in *Granberry* that "the legislature intended probation pursuant to ORS 475.245 to mirror probation under ORS chapter 137," and, thus, that precedents pertaining to the requisite timing of revocation or extension proceedings in the general probationary context were controlling. *Id.* at 22-23, *citing, e.g., State v. Miller*, 224 Or App 642, 645-46, 199 P3d 329 (2008) (noting that "unless [a] defendant's probation was extended either by the court or by operation of law beyond [its original term], the court commit[s] error by initiating revocation proceedings * * * and revoking probation at a later time"). Accordingly, we concluded that the trial court lacked authority to find the defendant in violation of the terms of her probation and, consequently, to enter an adjudication of guilt. 260 Or App at 24. Rather, and

"[t]o the contrary, by its terms, ORS 475.245 requires the court to dismiss the charges against a defendant on the successful completion of the probationary term, which, for these purposes, is the completion of the term without the state having initiated a probation-violation proceeding against the defendant."

*Id.* (footnote omitted).[5]

Here, defendant reasons that, under the then-extant conditional discharge statute, ORS 475.245 (2011),[6] the prerequisite for entry of an "adjudication of guilt"—that is, the judgment of conviction based on his guilty plea—was termination of conditional discharge based on noncompliance with the prescribed terms of probation. Further, invoking *Granberry,* defendant asserts that, because the 18-month term of probation was never extended and no revocation proceedings were initiated before expiration of that period, the trial court lacked statutory authority to enter the "adjudication of guilt." Defendant acknowledges that no such contention was raised before the trial court but contends that, given our intervening holding in *Granberry,* the trial court's

---

[5] In 2015, the legislature, with explicit reference to *Granberry, see, e.g.,* Staff Measure Summary, House Committee on Judiciary, HB 2326, Mar 26, 2015, amended ORS 475.245 to provide the authority lacking in *Granberry. See* Or Laws 2015, ch 125, § 1. ORS 475.245(4) now provides:

"In the event that the period of probation under this section expires, but the terms and conditions of probation have not been fulfilled and no probation violation proceeding was initiated prior to the expiration of the period of probation, the court may not discharge the person and dismiss the proceedings against the person. The court shall instead issue an order requiring the person to appear and to show cause why the court should not enter an adjudication of guilt * * * due to the failure of the person to fulfill the terms and conditions of probation prior to expiration of the period of probation. At the hearing on the order to show cause, after considering any evidence or argument from the district attorney and the person, the court may:

"(a) Order a new period of probation to allow the person to fulfill the terms and conditions of the previous period of probation; or

"(b) Enter an adjudication of guilt * * *."

That amendment applied prospectively only, to "persons who have pleaded guilty or who have been found guilty of an eligible offense in a proceeding occurring on or after" the measure's effective date (May 21, 2015). Or Laws 2015, ch 125, § 2.

[6] The 2011 iteration of ORS 475.245, which was applicable at the time that the trial court entered the judgment at issue here, was, for our purposes, materially indistinguishable from the 2009 iteration, which applied in October 2010, when the original judgment of conditional discharge was entered. *See* 280 Or App at 832 n 2.

action was plainly erroneous, *see, e.g., State v. Jury,* 185 Or App 132, 135-39, 57 P3d 970 (2002), *rev den,* 335 Or 504 (2003), and must be rectified.

The state's sole response is, as noted, that ORS 138.050 precludes appellate consideration of defendant's challenge. That is, the state does not dispute the substantive merit of defendant's *Granberry*-based contention or that—but for the asserted lack of jurisdiction—the matter would qualify for "plain error" review and correction. Defendant counters that ORS 138.053(3), which, by its terms, applies "notwithstanding * * * ORS 138.050," confers jurisdiction in these circumstances.

ORS 138.050 provides, in part:

"(1)   Except as otherwise provided in ORS 135.335, a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual.

"* * * * *

"(3)   On appeal under subsection (1) of this section, the appellate court shall consider only whether the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."

ORS 138.053 provides:

"(1)   A judgment, or order of a court, if the order is imposed after judgment, is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a)   Imposition of a sentence on conviction.

"(b)   Suspension of imposition or execution of any part of a sentence.

"(c)   Extension of a period of probation.

"(d)   Imposition or modification of a condition of probation or of sentence suspension.

"(e)   Imposition or execution of a sentence upon revocation of probation or sentence suspension.

"* * * * *

"(3)   Notwithstanding ORS 138.040 and 138.050, upon an appeal from a judgment or order described in subsection (1)(c) to (e) of this section, the appellate court may review the order that extended the period of the defendant's probation, imposed or modified a condition of the defendant's probation or sentence suspension or revoked the defendant's probation or sentence suspension if the defendant shows a colorable claim of error in the proceeding from which the appeal is taken."

Here, defendant pleaded guilty. Consequently, the state asserts, his appeal is subject to the strictures of ORS 138.050(1) and (3). Further, the state contends that, to the extent that defendant's appellate challenge depends on the alleged invalidity of judicial action that occurred before the entry of the judgment of conviction, such a challenge is not cognizable under ORS 138.050. *See State v. Balukovic*, 153 Or App 253, 258, 956 P2d 250 (1998) (ORS 138.050 "does not encompass review of orders that occur before the judgment of conviction"). Finally, the state asserts, that, because the gravamen of defendant's appeal is a challenge to the validity of his *conviction* for PCS, the appeal must be dismissed because we have consistently held that ORS 138.050 precludes such challenges by defendants who have pleaded guilty or no contest. *See, e.g., State v. Landahl*, 254 Or App 46, 58-59, 292 P3d 646 (2012), *rev den*, 353 Or 788 (2013) (a conviction is not a "disposition" for purposes of ORS 138.050(1)).

Defendant remonstrates that, given ORS 138.053(3)'s express "notwithstanding * * * ORS 138.050" qualification, neither ORS 138.050 nor any of the authority that the state invokes, including *Landahl* or *Balukovic*, is apposite. Defendant contends that this appeal falls squarely within the purview of ORS 138.053(3) because, consistently with features of our analysis in *Granberry*—which did not itself involve a question of appellate jurisdiction[7]—

___

[7] That is so because, as noted above, *Granberry* arose in the posture of an appeal by the state from a judgment of dismissal pursuant to ORS 475.245. Thus, appellate jurisdiction was predicated on ORS 138.060, which governs appeals by the state—and ORS 138.050 and ORS 138.053 were inapposite.

revocation of probation resulting in termination of conditional discharge is substantially indistinguishable from revocation of probation in other contexts generally. Thus, defendant reasons, the judgment at issue here was a disposition of the sort described in ORS 138.050(1)(e)—which, in turn, activates ORS 138.053(3).

We agree with the state. Even assuming, without deciding, that the judgment appealed here includes an "[i]mposition or execution upon revocation of probation or sentence suspension," ORS 138.053(1)(e), *but see Balukovic,*[8] defendant's appeal does not fall within the purview of ORS 138.053(3), because defendant challenges only the entry of the judgment of conviction. *See, e.g., Landahl,* 254 Or App at 58-59 (where the appellant's "sole argument" was that "no conviction should have been entered," the appeal was dismissed).

We have repeatedly held that "we will dismiss a criminal defendant's appeal from a judgment based on a guilty or no-contest plea if the only arguments made on appeal challenge the defendant's convictions." *State v. Davis,*

---

[8] In *Balukovic,* the defendant, who had pleaded guilty to fourth-degree assault, had been placed on a "non-statutory" deferred sentencing program (DSP). 153 Or App at 255. The defendant violated the terms of that program and, consequently, the trial court revoked the DSP and entered a judgment of conviction, with a sentence of jail time and probation. *Id.* The defendant appealed from the order of revocation, contending that the trial court relied on an erroneous basis for revoking the DSP and had failed to provide him with a competent interpreter at the revocation proceeding. *Id.*

We dismissed the appeal, concluding that none of the defendant's assignments of error were cognizable. Specifically, we rejected the defendant's invocation of ORS 138.053(1)(e):

"An order revoking a DSP differs from an order revoking probation because it occurs before a judgment of conviction is entered. A DSP order is not a statutory sentence. Under a DSP, a defendant is entitled to have the charge dismissed when the defendant successfully completes the program. In contrast, ORS 138.053(1)(e) pertains to post-judgment probation proceedings. When a defendant successfully completes probation, the sentence is satisfied, but the judgment of conviction remains, unless it is subsequently expunged. ORS 138.050 contemplates appeals only from excessive sentences after guilty pleas. It does not encompass review of orders that occur before the judgment of conviction. For these reasons, we are not persuaded that the legislature would have contemplated that an order revoking a DSP be treated within the meaning of ORS 138.053(1)(e) like an order revoking probation."

153 Or App at 258. In this case, as described above, the operative revocation *antedated* the entry of the judgment of conviction.

265 Or App 425, 431-32, 335 P3d 322 (2014), *rev den*, 356 Or 837 (2015); *see also State v. Clements*, 265 Or App 9, 20, 333 P3d 1117 (2014), *rev den*, 356 Or 689 (2015) (ORS 138.050 "prohibit[s] * * * a defendant's challenge to a conviction—as opposed to a sentence—when the defendant has pleaded guilty"). The gravamen of this appeal is a challenge to the validity of defendant's conviction: indeed, as noted, defendant's only assignment of error is to the entry of the judgment of conviction.

Nevertheless, defendant contends that such a challenge is cognizable here—unlike in any other context is which a defendant pleads guilty or no contest—because ORS 138.053(3) is not subject to the constraints of ORS 138.050 and because the final phrase of ORS 138.053(3) ("if the defendant shows a colorable claim of error in the proceeding from which the appeal is taken") authorizes such sweeping consideration. That is, as we understand it, defendant reasons that so long as an appeal is taken from a judgment or order revoking probation, all predicate proceedings, including those pertaining to the entry of conviction, are subject to reviewable challenge by way of "colorable claims of error."

Defendant's position fundamentally misconstrues ORS 138.053—and, especially subsection (3)'s concluding phrase. The text of subsection (3) expressly limits the scope of review to the appealable matter itself ("the appellate court may review the *order that * * * revoked the defendant's probation* or sentence suspension" (emphasis added))—and, thus, does not encompass or extend to some consequent judgment of conviction.

Nor does the concluding phrase expand that limited review. Rather, the history of the legislation that added that language conclusively establishes that that phrase was inserted as a further constraint, to reduce putative appeals. The concluding phrase of subsection (3) was added in 2001, *see* Or Laws 2001, ch 644, § 2, as part of a package of amendments (House Bill (HB) 2351 (2001)) to statutes pertaining to criminal appeals. Those amendments generally, including the amendment to ORS 138.053(3) specifically, were intended to "reduce the number of nonmeritorious appeals in criminal cases that are filed and that

proceed to full briefing and decision by the court" "by imposing a requirement that, at the front end of the appeal, the defendant demonstrate that the appeal presents a colorable claim of error." Testimony, House Committee on Judiciary, Subcommittee on Criminal Law, HB 2351, Feb 8, 2001, Ex G (statement of James Nass). Similar qualifying language was added to, *e.g.*, ORS 138.050(1) and ORS 138.222(7). *See* Or Laws 2001, ch 644, §§ 1, 3. Thus, far from broadening the scope of review to encompass matters beyond the dispositions described in ORS 138.053(1)(c)-(e), the final phrase of subsection (3) imposes an additional limitation on review.

In sum, we conclude that ORS 138.053(3) does not confer appellate jurisdiction in these circumstances. Accordingly, ORS 138.050 controls, and, "[b]ecause the gravamen of defendant's argument here concerns whether any conviction should have been entered, his appeal must be dismissed." *Landahl*, 254 Or App at 59.

Appeal dismissed.