Submitted March 31, judgment vacated December 24, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANNY JOE MILLER,
*Defendant-Appellant.*

Multnomah County Circuit Court
010936617; A131031

199 P3d 329

Peter Gartlan, Chief Defender, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Sercombe, Judge, and Riggs, Senior Judge.

SERCOMBE, J.

## SERCOMBE, J.

■ Defendant appeals a judgment revoking his probation and imposing a sentence of incarceration. Defendant contends that the court lacked jurisdiction to revoke his probation because the revocation proceedings started after his probation period ended. We review a trial court's revocation of probation for errors of law. *State v. Bryant,* 233 Or 459, 378 P2d 951 (1963); *State v. Stuve,* 111 Or App 197, 826 P2d 24, *rev den,* 313 Or 300 (1992). We agree with defendant and vacate the judgment.

On November 9, 2001, defendant was convicted of the crime of burglary and was sentenced to 36 months' probation. Defendant violated his probation several times in 2002 and 2003. On March 29, 2002, the court continued defendant's probation after finding that he had failed to keep in contact with his probation officer. Defendant failed to report later that year and was again found in violation of his probation on October 14, 2002. The court imposed sanctions of 45 days in jail, an additional four weeks of forest work camp, and completion of an alcohol treatment program for that probation violation. On December 3, 2003, after defendant stipulated to a probation violation of absconding from supervision, the court sanctioned him again and ordered that his probation term be extended for one year "from [the] current expiration date." The previously adjudicated expiration date under the original judgment of conviction was November 8, 2004; the new date was November 8, 2005. All three adjudications of probation violations occurred after issuance of an arrest warrant for each set of violations.

On November 8, 2005, the date for defendant's probation to expire, an affidavit in support of an order for an arrest warrant was signed and submitted to the court because defendant had allegedly committed new violations of the terms of his probation. On November 15, the court issued a bench warrant that was served on defendant on November 22. Following a hearing, the court revoked defendant's probation on December 9, 2005, and imposed a term of 16 months' incarceration and three years of post-prison supervision.

■	On appeal, defendant submits that the trial court's authority to revoke his probation ended when his probation term expired. Defendant argues that his term of probation expired on November 8, 2005, because that was the date referenced by the last applicable sentencing order. Defendant concludes that the court erred in sentencing him on December 9, because it lacked subject matter jurisdiction. The state counters that the court's authority depends on whether the probation revocation proceeding was initiated during defendant's term of probation. According to the state, defendant was still on probation on November 15, 2005, when the probation violation arrest warrant issued, because defendant had absconded from supervision for periods of several days during his term of probation, and those periods were added automatically to defendant's term of probation under OAR 213-005-0008(3).

For the reasons stated below, we conclude that the revocation proceedings began after defendant's term of probation ended. Even if the state is correct that the time defendant absconded from supervision could be added to the term without the need for a judicial order to that effect, once a court sanctions the absconding violation, the term of probation is the one set out in the probation violation order. In this case, that order ended defendant's probation on November 8, 2005. Therefore, the court lacked authority to revoke defendant's probation.

■■	A few preliminary observations help to frame the issue on appeal. If a circuit court commences a revocation proceeding during a defendant's period of probation, through a show cause order or a bench warrant, the court retains jurisdiction over the defendant even after probation ends. *State v. Ludwig*, 218 Or 483, 492, 344 P2d 764 (1959); *State v. Lopez*, 30 Or App 687, 567 P2d 1059 (1977). Put another way, a court lacks authority to revoke probation for an action that a probationer committed during the probationary period when revocation proceedings have not been initiated before the probationary period has expired. *State v. O'Neal*, 24 Or App 423, 545 P2d 910 (1976). Therefore, unless defendant's probation was extended either by the court or by operation of law beyond November 8, 2005, the court committed error by

initiating revocation proceedings on November 15, 2005, and revoking probation at a later time.

The parties contest whether defendant's term of probation could be extended only by judicial order or whether the term was extended when defendant absconded from supervision. ORS 137.545(1) provides, in part:

"Subject to the limitations in ORS 137.010 and to rules of the Oregon Criminal Justice Commission for felonies committed on or after November 1, 1989:

"(a) The period of probation shall be as the court determines and may, in the discretion of the court, be continued or extended."

That statutory provision suggests that a judicial order is necessary to set or extend a term of probation. The period of probation is "as the court determines." A period of probation may be continued or extended only "in the discretion of the court," *i.e.*, by a judicial order.

But the authority of a court, under ORS 137.545(1), is "[s]ubject to * * * rules of the Oregon Criminal Justice Commission." One of those rules pertaining to the determination of a period of probation, OAR 213-005-0008(3), provides that "[t]he time during which the offender has absconded from supervision and a bench warrant has been issued for the offender's arrest shall not be counted in determining the time served on a sentence of probation." The rule does not expressly provide when the "count[ing]" is done or by whom. But it creates an argument that a term of probation is increased as a matter of law by the period of time between a warrant for arrest because of absconding and the time a probationer is back within the supervision of the sentencing court.

We interpret the rule to guide the exercise of judicial discretion in sentencing a defendant for a probation violation for absconding from supervision. That is when "time served on a sentence of probation" is "determin[ed]." The trial court followed the rule in its December 3, 2003, order extending the term of probation for the absconding violation. The one-year

extension of probation included both the number of days during which defendant absconded and any additional time to be served as sanction for the violation.[1]

We do not need to resolve whether OAR 213-005-0008(3) operates independently of a judicial order on a term of probation. Any independent effect would be superseded by a judicial order reestablishing the term of probation. At best, the rule could mean that the time of absconding must be added to a period of probation *until* a court has issued an appropriate sanction on the probation violation. But once a court has acted on that violation, and adjudicated any change to the probation term, the "period of probation shall be as the court determines" under ORS 137.545(1)(a) and not otherwise. Any different effect of the rule—that it works to reach behind a judicial sanction for a probation violation and to modify that sanction by increasing the term of probation—makes the rule inconsistent with the text of ORS 137.545(1)(a). The rule should not be interpreted to create that disharmony. Limiting the effect of the rule once a court sanctions a defendant avoids any contention of double jeopardy that might arise when a single probation violation of absconding from supervision is sanctioned twice—once by the sanction imposed in the probation revocation proceeding and later when the probationary period is recalculated and extended.[2]

So understood, OAR 213-005-0008(3) did not operate to increase the November 8, 2005, probation ending date. The court's December 3, 2003, order extending the period of probation to November 8, 2005, adjudicated the effect of any previous absconding by defendant that was of record. There was no additional effect of those probation violations. The state did not contend that defendant absconded after December 3, 2003. Consequently, the initiation of the 2005 probation

---

[1] Similarly, the court's previous two orders on probation violations also determined the period of probation that resulted from each of those violations. Any contention that the court misapplied OAR 213-005-0008(3) in those orders would have been reviewable only in an appeal of each of those orders.

[2] Article I, section 12, of the Oregon Constitution provides, in part, that "[n]o person shall be put in jeopardy twice for the same offence * * *."

revocation proceeding was too late to revoke defendant's probation.[3]

Judgment vacated.

---

[3] We emphasize that we do not decide if OAR 213-005-0008(3) operates to extend a period of probation as a matter of law before a court rules. We also do not reach the question of the meaning of "absconded" under OAR 213-005-0008(3). ORAP 8.05(3) gives an appellate court discretion to dismiss a criminal appeal when an appellant "escapes or absconds from custody or supervision." In the context of that rule, we determined that "abscond" means "to 'evade the legal process of a court by hiding within or secretly leaving its jurisdiction.' *Webster's Third New Int'l Dictionary* 6 (unabridged ed 2002)." *State v. Zamora-Martinez*, 210 Or App 22, 25, 150 P3d 25 (2006). Defendant's first two probation violations, for failure to report to a probation officer, may not have involved hiding or absence from the jurisdiction of the sentencing court. If "abscond" has that meaning, then only defendant's third violation, by his own admission, was for absconding. That period of absconding— four days—was too short, in any event, to extend any probationary period from November 8 to November 15, 2005.