Argued and submitted May 29, 2019, reversed and remanded for resentencing
May 12, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SEAN TAYLOR BERGLUND,
*Defendant-Appellant.*

Multnomah County Circuit Court
120646784; A165232

491 P3d 820

Defendant appeals a sentencing judgment revoking his court-supervised probation. During the initial probation period, the court commenced revocation proceedings by issuing an arrest warrant, but the revocation hearing was not held until well after the probation period expired. In connection with the revocation hearing, and also well after the probation period expired, the state added six additional probation violation claims, all occurring during the probation period. Defendant assigns error to the court's consideration of the additional probation violation claims. *Held*: The trial court erred in considering the additional probation violation claims raised by the state after the probation period ended. The specific statute that empowers a court to sentence probationers for violations confines that power to probation violations that are actually charged during the probation period.

Reversed and remanded for resentencing.

Eric J. Bergstrom, Judge.

Sarah De La Cruz, Deputy Public Defender, argued the cause for the appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

SERCOMBE, S. J.

Reversed and remanded for resentencing.

Powers, J., dissenting.

## SERCOMBE, S. J.

Defendant appeals from a sentencing judgment, claiming that the trial court erred in revoking his court-supervised probation. During the period of probation, the court commenced probation revocation proceedings by issuing an arrest warrant. The warrant was based on an alleged probation violation, specified in the supporting affidavit, that defendant had pleaded guilty to a crime. Later, after the probationary period ended, the trial court initiated supplemental proceedings to revoke probation by ordering a probation violation hearing based on violations alleged in a new affidavit. Those charges included the original charge and six additional probation violation claims. The court revoked probation after it found that defendant committed two of the new charges. On appeal, defendant argues that the trial court lacked authority to revoke his probation based on charges filed after the conclusion of the probation period and that the court's authority to revoke probation is limited to adjudicating claims brought while the probation was still in force.

"We review a trial court's revocation of probation for errors of law." *State v. Miller*, 224 Or App 642, 644, 199 P3d 329 (2008). For the reasons explained below, we conclude that the trial court erred in revoking probation based on allegations contained in the post-probation affidavit. Accordingly, we reverse the sentencing judgment and remand for resentencing.

The facts are undisputed. In June 2012, defendant pleaded guilty to misdemeanor driving under the influence of intoxicants (DUII) and entered into diversion. In September 2012, defendant was involved in a fatal car accident due to driving while intoxicated and was indicted for first-degree manslaughter in May 2013. In June 2013, the court revoked diversion due to defendant's involvement in the fatal accident, entered a judgment of conviction for DUII from the June 2012 plea, and sentenced defendant to a two-year probationary sentence, which meant that the probationary term would have expired in June 2015. In March 2014, the court issued a probation violation warrant based on an affidavit that alleged that defendant had violated his probation

when he pleaded guilty to second-degree manslaughter as a result of the September 2012 fatality. A hearing on that affidavit was scheduled but was set over multiple times.

In January 2017, long after the expiration of the probation period, the state sought to file a new affidavit to add new allegations to the original probation violation claim. Defendant objected and argued that any new charges would be untimely and that the grounds for revoking probation were limited to the allegation in the affidavit filed before the expiration of probation. The court permitted the state to file an amended affidavit that added new claimed violations.

The court explained:

"Well, because of the confusing nature of the record, and the timing of everything, I think it's probably appropriate *** for the State to lay out what they believe the violations are, and then each side can be prepared to either admit or prove those violations."

In March 2017, the state filed the new "affidavit and order for judicial supervision probation violation" alleging seven different violations during the probationary period, including that defendant: (1) pleaded guilty to manslaughter (the charge in the original affidavit); (2) pleaded guilty to two counts of contempt in an unrelated case; (3) failed to complete a drug and alcohol evaluation as required; (4) failed to complete any and all required drug and alcohol treatment; (5) did not comply with the enhanced bench probation monitoring program or its conditions; (6) drove a motor vehicle without a license; and (7) left the state without the court's permission. Based on that affidavit, the trial court scheduled a probation violation hearing.

In June 2017, the trial court held the probation violation hearing on the allegations in the March 2017 affidavit. At the hearing, the state withdrew the allegation from the March 2014 affidavit.[1] Ultimately, the court found that defendant violated the conditions of his probation by failing

---

[1] The prosecutor conceded that pleading to the crime of manslaughter that occurred before the imposition of probation was not a "new law violation" that was committed during the probationary period.

to complete a drug and alcohol evaluation and treatment program, as well as leaving Oregon without the court's permission. The court entered a judgment revoking probation and imposed a six-month jail sentence on the DUII conviction.

On appeal, defendant argues that the trial court erred "in allowing the state to proceed on an untimely filed affidavit and in revoking probation based on allegations not contained in the original warrant." Specifically, defendant argues that the trial court lacked authority to revoke probation based on new allegations in the March 2017 affidavit because those allegations "do not [relate] back to the original warrant" and because "a court's authority to conduct probation violation hearings after probation has ended is limited to allegations in the original warrant."

Defendant explains that the relevant statutes allow the court authority to adjudicate violations of the conditions of probation that are charged during the period of probation, even if the adjudication occurs after probation concludes. The statutes do not, however, grant the court the authority to initiate supplemental proceedings, after the expiration of probation, to punish different probation violations. We agree with defendant.

The sentencing authority of a court must be expressly conferred by statute. As stated in *State v. Coventry*, 290 Or App 463, 464, 415 P3d 97 (2018), a "court's sentencing authority exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized." Under ORS 137.593(2)(b),

"* * * [T]he sentencing judge shall *retain authority*:

"* * * * *

"(b)  *To determine whether conditions of probation have been violated* and to impose sanctions for the violations if the court, at the time of sentencing, states on the record that the court is retaining such authority;

"(c)  To cause a probationer to be brought before the court for a hearing * * * and *to revoke probation or impose* such other or additional *sanctions* or modify the conditions of probation *as authorized by law*; and

"(d)   To impose and require an offender to serve a period of incarceration not to exceed 180 days as a sanction for revocation of probation."[2]

(Emphases added.)

Thus, the express "retain[ed] authority" of a sentencing judge is to "determine whether conditions of probation have been violated" and then "to revoke probation * * * as authorized by law." ORS 137.545(2) provides that probation revocation authority. It grants the sentencing court authority to revoke probation "for violating any of the conditions of probation," provided that proceedings to sanction those probation violations are initiated "[a]t any time during the probation period." That statute provides, in part,

"*At any time during the probation period*, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation."

ORS 137.545(2) (emphasis added). Under ORS 137.545(2), then, a proceeding to revoke probation is initiated by a warrant and its supporting affidavit that must be issued "during the probation period."

We have construed ORS 137.545(2) to preclude revocation when the proceedings are initiated *after* the "time during the probation period." *See Miller*, 224 Or App at 645-46) (noting that, "unless [a] defendant's probation was extended either by the court or by operation of law beyond [its original term], the court commit[s] error by initiating revocation proceedings * * * and revoking probation at a later time"); *see also State v. O'Neal*, 24 Or App 423, 427, 545 P2d 910 (1976) ("[A] court is without authority to revoke probation for a crime committed during the probationary period when revocation proceedings have not been initiated before the probationary period has expired.").

However, that preclusion does not exist when a proceeding for violating a condition of probation is initiated "during the probation period" but the adjudication of

---

[2]  Under ORS 137.540(7),

"[f]ailure to abide by all general and special conditions of probation may result in arrest, modification of conditions, revocation of probation or imposition of structured, intermediate sanctions in accordance with rules adopted under ORS 137.595."

that violation occurs afterwards. In *State v. Ludwig*, 218 Or 483, 492, 344 P2d 764 (1959), the court, applying *former* ORS 137.550 (1957), *renumbered as* ORS 137.545 (1999), concluded,

> "Probation is a statutory process and, under laws similar to ours, it seems to be the general rule that if the revocation procedure is started properly before the expiration of the term, the court *retains jurisdiction*, even though the final hearing and *adjudication* are after the end of the probation period."

(Emphases added.) Under *Ludwig*, the court "retains jurisdiction" for the "adjudication" of a particular probation violation "after the end of the probation period," provided that "the revocation procedure is started properly before the expiration of the term."

The meaning of "retains jurisdiction" was fleshed out in our subsequent cases. As noted in *State v. Granberry*, 260 Or App 15, 23, 316 P3d 363 (2013),

> "[The] proper inquiry in this case, as it was in *Ludwig*, is whether the trial court had statutory authority to impose or revoke probation. *See State v. O'Neal*, 24 Or App 423, 427, 545 P2d 910 (1976) (noting that Oregon has adopted "the general rule that the sentencing authority of a court exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized"). That statutory inquiry is not a jurisdictional one.

> "Thus, notwithstanding the Supreme Court's occasional use of the term 'jurisdiction,' the issue in *Ludwig* reduced to whether the probation statutes in effect at the time gave the trial court the statutory authority *to conduct* a probation-violation proceeding *after* the defendant's term of probation had expired."

(Emphases in original.)

Thus, the inquiry is whether the "retain[ed] authority" of a sentencing court under ORS 137.593(2)(b), to "determine whether [certain] conditions of probation have been violated and to impose sanctions for [those] violations" exists for probation violations that have been noticed and charged at a different time than "during the probation period" under ORS 137.545(2).

The controlling statutes, noted above, and their context compel the conclusion that the retained authority of a sentencing court to adjudicate a probation violation is limited to violations that are reported and charged during the probation period. That conclusion is evident from the wording of ORS 137.545(2) and ORS 137.593(2)(b), the fundamental nature of probation revocation proceedings as "violation-specific," the holdings to that effect in *State v. Vanlieu*, 251 Or App 361, 283 P3d 429 (2012), and *Ludwig*, and the recognition in our case law that an explicit expansion of the period of probation is necessary to add supplemental probation violations as additional bases for sanctions.

First, as noted, the probation revocation proceeding authorized by ORS 137.593(2)(b) ("[t]o determine whether conditions of probation have been violated and to impose sanctions for the violations") is a proceeding to make a determination *about specific probation violations*. The purpose of a probation revocation hearing is to punish the conduct constituting the specific, charged probation violation. *State v. Patterson*, 269 Or App 226, 236, 344 P3d 497 (2015). The "retain[ed] authority" of a court referenced in ORS 137.593(2)(b), that continues during and after probation, is to do just that, to adjudicate the specific, charged violations—and no more.

Thus, the scope of a court's retained authority under ORS 137.593(2)(b) is tied to particular probation violations—the ones charged in the affidavit supporting the arrest warrant issued during the probation period. The affidavit supporting the arrest warrant details the specifics of the violations of the conditions of probation. Importantly, the affidavit and arrest warrant must be filed "during the probation period" under ORS 137.545(2). Those charged violations are then adjudicated in the "violation *** hearing" referenced in ORS 137.545(3).[3]

---

[3] ORS 137.545(3) allows the magistrate authority to "release the probationer upon the condition that the probationer appear in court or at a later date for a probation violation or revocation hearing." *See also* ORS 137.595(2)(b) (analogously describing "written notice of the probationer's right to a hearing before the court to determine whether the probationer violated the conditions of probation alleged in a probation violation report").

A probationer has a right to notice of specific, claimed probation violations, and the revocation proceeding is limited to those noticed violations under the due process clause of the Fourteenth Amendment to the United States Constitution.[4] Thus, the statutes and the federal constitution make probation revocation proceedings specific to the noticed charges.

Simply put, the "retain[ed] authority" under ORS 137.593(2)(b) to adjudicate specific probation violations that are charged during the probation period is the same as the "retained jurisdiction" reserved by the *Ludwig* court to "adjudicat[e]" probation violations after the ending of the probationary period. That is the way we viewed the scope of the proceedings in *Vanlieu*. There, we concluded that a court lacks authority to revoke a defendant's probation based solely on conduct that occurred after expiration of the designated probationary term. In reaching that conclusion, we determined,

> "If a probation violation proceeding is commenced before the probationary period is set to expire, the trial court *retains authority to hold a hearing on the charged violation* after the date on which the probationary term would have expired."

251 Or App at 364 (emphasis added). In confining the retained authority to be one for the sanctioning of "the charged violation," we relied on *Ludwig* and the holding in *Bryant v. State*, 233 Or 459, 464, 378 P2d 951 (1963), that the issuance of an arrest warrant during the probationary period "preserved [the trial court's] jurisdiction to *proceed with the pending matter* as soon as warrants could be executed." (Emphasis added.) Again, the retained authority is limited to "the charged violation," the violation noticed in the initiating action, and "to proceed with the pending matter." It is not greater and does not include violations charged after the conclusion of the probationary period that are not a part of the "pending matter."

---

[4] In *Morrisey v. Brewer*, 408 US 471, 489, 92 S Ct 2593, 33 L Ed 2d 484 (1972), the Court held that the minimum due process rights extended to a parolee during parole revocation proceedings included "written notice of the claimed violations of parole," as well as a "written statement by the factfinders as to the evidence relied on and the reasons for revoking parole." The Court later concluded that those rights apply equally to probation revocation proceedings. *Gagnon v. Scarpelli*, 411 US 778, 782, 93 S Ct 1756, 36 L Ed 2d 656 (1973).

The state argues that the filing of a probation viola-tion charge during the period of probation gives a sentenc-ing court carte blanche authority to sanction a probationer for any violation of the conditions of probation, even when the specific probation violation charge is initiated after the conclusion of probation. It argues that "the commencement of the probation-violation proceeding essentially tolls the termination of probation." Although the state disclaims it, its position appears to be that the supervising period of pro-bation is implicitly extended by the filing of a probation revo-cation proceeding, so that new probation violation charges, dating from the original period of probation, can be brought during that extended period of supervision.

As noted, however, any sentencing authority must be expressly conferred by statute and is not implied. *Vanlieu* confirms that principle, concluding that an expansion of the probationary period must be by explicit action of the sen-tencing court under its statutory authority:

> "An extension of probation, like a decision to revoke pro-bation, is a deliberate judicial act; it is not the automatic consequence of the issuance of a show-cause order to revoke a defendant's probation. ORS 137.545(1)(a) provides that '[t]he period of probation shall be as the court determines and may, in the discretion of the court, be continued or extended.' Under that statute, a court may extend probation without finding a violation of a condition of probation if, in its discretion, it determines that the purposes of probation are not being served. *State v. Stanford*, 100 Or App 303, 306, 786 P2d 225 (1990); *State v. Jacobs*, 71 Or App 560, 565-66, 692 P2d 1387 (1984). In *Stanford*, we held that,
>
>> "'[a]lthough defendant's original probation period had expired on June 26, 1988, three years after his con-viction, the trial court nevertheless retained jurisdic-tion to modify and extend probation, because the state filed its motion before that date. We said in [*Lopez*, 30 Or App at 691]: "[W]here the 'show cause' order initiat-ing the revocation process is itself issued prior to the expiration of the probationary period, the court retains jurisdiction to enter a revocation order after the period has expired." We apply the same analysis to a probation extension.'
>
> "100 Or App at 307 n 3 (second brackets in *Stanford*)."

251 Or App at 368-69 (brackets in original; footnote omitted); *see also O'Neal*, 24 Or App at 426-27 (no tolling of the probationary period by the consequences of defendant's conduct since such an extension would need to be specifically authorized by statute).[5]

Thus, the state's suggestion that the effect of a timely initiation of probation revocation proceedings is to implicitly extend the period of probation to allow the filing of new charges within the expanded probationary period is not correct. The sentencing court lacks that implicit authority. Its authority is confined to that explicitly conferred by ORS 137.545(2)—to adjudicate charges filed "during the probation period."[6]

In sum, the authority of a sentencing court to adjudicate probation violations charged after the end of the probationary period must be explicitly conferred by statute. There is no statute conferring that authority. And the statutes that govern the retained authority of a court to sanction probation violations confine that authority to violations that are charged "[a]t any time during the probation period." No such violation was sanctioned here.

Our holding—that the state should supervise the probation of its probationers and charge violations it discovers as a result of that supervision in a timely way—is based on the statutory obligations of the state to do just that. That holding minimizes the risk of unfairness to probationers in having to defend against stale claims that were evident, unfiled, and not noticed during a long-concluded probation period.

Reversed and remanded for resentencing.

---

[5] *Cf.* OAR 213-005-0008(3) ("The time during which the offender has absconded from supervision and a bench warrant has been issued for the offender's arrest shall not be counted in determining the time served on a sentence of probation.").

[6] We reject the state's contention that the later charges relate back to the original affidavit because the sentencing statutes do not create that effect. In other legal settings, the ability of amended allegations to "relate back" to the time of the initial filing must be expressly authorized and is not implied. *Compare, e.g.*, ORCP 23 C (relation back of amended pleadings in civil proceedings), *with* ORS 131.105 ("A criminal action must be commenced within the period of limitation prescribed in ORS 131.125 to 131.155.") *and State v. Kuznetsov*, 345 Or 479, 489, 199 P3d 311 (2008) (amendment of accusatory instrument does not relate back to the original indictment).

**POWERS, J.,** dissenting.

The trial court's authority to adjudicate allegations that defendant violated his probation is not, in my opinion, as circumscribed as the majority opinion concludes. Defendant advances a single assignment of error that contends that the trial court erred when it revoked probation based on allegations in an amended affidavit supporting a warrant that "was not timely, because it was filed after defendant's probation expired and it contained new allegations that were not present" in the original affidavit filed to revoke probation. Defendant further argues that, because of those deficiencies, the trial court "lacked authority" to revoke probation. In concluding that the trial court lacked authority to revoke probation, the majority opinion proceeds as if there were "supplemental proceedings" to revoke probation that were separate and apart from the probation revocation process that began with the issuance of a probation violation warrant in March 2014. I respectfully dissent.

As an initial matter, some deck clearing is in order. Defendant does not challenge on appeal the trial court's findings that he violated his probation as alleged in the March 2017 affidavit, nor does he argue that the court abused its discretion when it revoked his probation based on those findings. Likewise, defendant does not challenge the sentence that the trial court imposed when it revoked probation. Thus, as framed by defendant's arguments on appeal, the narrow issue before us is whether the trial court had the authority to revoke probation based on allegations contained in the amended affidavit.

It is well settled that when "a circuit court commences a revocation proceeding during a defendant's period of probation, through a show cause order or a bench warrant, the court retains jurisdiction over the defendant even after probation ends." *State v. Miller*, 224 Or App 642, 645, 199 P3d 329 (2008); *see also State v. Ludwig*, 218 Or 483, 492, 344 P2d 764 (1959) (explaining that "[p]robation is a statutory process and, under laws similar to ours, it seems to be the general rule that if the revocation procedure is started properly before the expiration of the term, the court retains jurisdiction, even though the final hearing and adjudication

are after the end of the probation period").[1] It is also well settled that "a court lacks authority to revoke probation for an action that a probationer committed during the probationary period when revocation proceedings have not been initiated before the probationary period has expired." *Miller*, 224 Or App at 645. Importantly, "[a]n extension of probation, like a decision to revoke probation, is a deliberate judicial act; it is not the automatic consequence of the issuance of a show-cause order to revoke a defendant's probation." *State v. Vanlieu*, 251 Or App 361, 368-69, 283 P3d 429 (2012).

In *Vanlieu*, we held that the trial court "lacked authority to revoke defendant's probation based solely on conduct that occurred after the expiration" of the probationary term. *Id.* at 362. In that case, the trial court imposed an 18-month probationary term that was later extended to January 2003. In December 2002, the defendant was arraigned on a show cause order and a probation violation hearing was scheduled for February 2003. Ultimately, the defendant failed to appear at several hearings and eventually was arrested seven years later in April 2010. The court amended the show cause order to add new allegations that the defendant had violated his probation conditions based on conduct that had occurred after January 2003. When the case finally proceeded to a hearing on the amended show cause order, the court ultimately revoked probation based on a number of the newly added allegations, and the defendant appealed. *Id.* at 363.

We first rejected the defendant's argument that, because the trial court did not issue a warrant for his arrest during the probationary period, the court lacked authority to revoke his probation after the probationary period had expired. We concluded that, when a trial court initiates a revocation proceeding during a defendant's term of probation

---

[1] Although some decisions discuss the inquiry as one of "jurisdiction," I agree with the framing by the majority opinion that the proper inquiry is one of statutory "authority," *viz.*, whether a trial court has the authority to adjudicate a probation-violation proceeding after probation was set to expire. *See State v. Granberry*, 260 Or App 15, 23, 316 P3d 363 (2013) (observing that, "notwithstanding the Supreme Court's occasional use of the term 'jurisdiction,' the issue in *Ludwig* reduced to whether the probation statutes in effect at the time gave the trial court the statutory authority to conduct a probation-violation proceeding after the defendant's term of probation had expired" (emphases omitted)).

either through a show cause order or a bench warrant, the court retains authority over the defendant even after the probation ends. *Id*. at 367-68.

The defendant alternatively argued that the court did not have the authority to revoke probation based solely on conduct that occurred after the term of his probation expired. We agreed with that argument:

> "[T]he state did not move to extend * * * defendant's probation at any time; nor did the trial court exercise its discretion to do so. Instead, by issuing a show cause order to commence a probation violation proceeding before defendant's probationary period expired, the court reserved its authority to adjudicate and sanction the violation that the state alleged. But, without extending defendant's probation, the court's reserved authority was limited."

*Id*. at 369. Focusing on that reasoning, defendant in this case argues that the trial court had "limited" authority to adjudicate and sanction any allegations in a show cause order or warrant filed during the probationary period, but "does not have authority to revoke probation for subsequently filed allegations." In my view, *Vanlieu* is not so restrictive.

As noted earlier, we previously have held that a court retains authority over a defendant—even after probation ends—if the proceeding is initiated through a show-cause order or a bench warrant. *See Miller*, 224 Or App at 645. Defendant does not challenge that underlying premise, and he does not contest the premise that a probation-violation proceeding was initiated in March 2014. Instead, he argues, and the majority opinion agrees, that *Vanlieu* limited the court's authority to the allegations identified before probation ends. Although that is a plausible interpretation, I ultimately conclude that it has little support in *Vanlieu* or in the statutory framework governing probation.

To be sure, *Vanlieu* held that misconduct outside of the probationary period could not be the sole basis on which a trial court revokes probation. In so concluding, we reasoned that "there is no indication that the legislature contemplated" a situation where a defendant's probationary period would be extended automatically due to the "mere filing of a show-cause order[.]" *Vanlieu*, 251 Or App at 370.

Thus, because the trial court did not exercise its discretion to extend the defendant's probation, "nor did it find that defendant violated the terms of his probation before it was set to expire," the court "lacked authority to revoke defendant's probation based on misconduct that occurred after his probationary period had expired." *Id*.

In this case, however, the trial court's authority did not depend on defendant's probationary period being extended. That is so, because the two grounds for revocation were events that had occurred within defendant's probationary term and not, like *Vanlieu*, on events occurring after the probationary period expired. Moreover, defendant has not argued on appeal that the trial court abused its discretion when it allowed the state to amend the allegations. Further, there is no dispute that, by issuing the warrant in March 2014, the trial court initiated probation-violation proceedings "during the probation period," as required by ORS 137.545(2).[2] In short, like *Ludwig*, *Miller*, and similar cases, the trial court retained authority to adjudicate alleged misconduct that occurred during the term of probation, even though the final hearing and adjudication was outside the probationary period.

Further, there is nothing in the statutory framework that suggests that a trial court lacks authority to act on amended allegations. Rather, as the Supreme Court

---

[2] ORS 137.545 provides, in part:

"(2) At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation. * * * If the offender does not consent to structured, intermediate sanctions imposed by the parole and probation officer or supervisory personnel in accordance with the rules adopted under ORS 137.595, the parole and probation officer, as soon as practicable, but within one judicial day, shall report the arrest or detention to the court that imposed the probation. The parole and probation officer shall promptly submit to the court a report showing in what manner the probationer has violated the conditions of probation.

"(3) Except for good cause shown or at the request of the probationer, the probationer shall be brought before a magistrate during the first 36 hours of custody, excluding holidays, Saturdays and Sundays. That magistrate, in the exercise of discretion, may order the probationer held pending a violation or revocation hearing * * *. In lieu of an order that the probationer be held, the magistrate may release the probationer upon the condition that the probationer appear in court at a later date for a probation violation or revocation hearing."

observed in *State v. Donovan*, 305 Or 332, 335, 751 P2d 1109 (1988), and *Gebhart v. Gladden*, 243 Or 145, 150, 412 P2d 29 (1966), probation revocation hearings are less formal than a criminal trial. The court explained that a probation revocation hearing "is summary in nature" and that "[t]rial judges have great discretion in controlling the nature and scope of summary hearings." *Gebhart*, 243 Or at 150. Indeed, in *Vanlieu* and other cases, we have explained that, under ORS 137.545(1)(a), a court may extend probation without finding a violation of a probation condition if the court, in its discretion, determines that the purposes of probation are not being served. *Vanlieu*, 251 Or App at 369; *see also State v. Stuve*, 111 Or App 197, 199, 826 P2d 24, *rev den*, 313 Or 300 (1992) (noting that "[t]he court has authority to extend probation without finding a violation").

Finally, to the extent that defendant and the majority opinion rely on the analogy that a show cause order or bench warrant affidavit is akin to an accusatory instrument in a criminal proceeding, I would reject that argument. *See State v. Lindquist*, 192 Or App 498, 504, 86 P3d 103 (2004) (holding that "the initiation of a probation violation proceeding does not commence a prosecution"); *see also Donovan*, 305 Or at 335 (recognizing that a probation revocation hearing "is not easily categorized as either criminal or civil" and explaining that the burden of proof is the lower standard used in civil cases). Further, I respectfully disagree with the majority opinion proceeding on the assumption that these were "supplemental proceedings" to revoke probation. The probation-violation proceedings were initiated in March 2014 when the trial court issued a probation violation warrant. That hearing was set over multiple times, the state was allowed to amend the allegations, and that proceeding concluded with the trial court revoking probation. The majority opinion unduly bifurcates the probation-violation proceedings and then searches for authority for the trial court to act on the amended allegations.

I respectfully dissent.