Argued and submitted February 11, affirmed March 9, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARIE THERESE RAMOS,
*Defendant-Appellant.*

Linn County Circuit Court
16CR64105, 19CR10795, 19CR22431;
A173567 (Control), A173568, A173569

505 P3d 1106

Thomas McHill, Judge.

Mark Kimbrell, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

This is a criminal appeal from judgments of convictions, and sentences imposed, as part of a global settlement agreement spanning several cases, Case Nos. 16CR64105, 19CR10795, and 19CR22431, as well as attendant probation violation allegations. We affirm.

In defendant's first assignment of error, she argues that the sentencing court plainly erred when, in Case No. 16CR64105, it ordered her to serve the 24-month sentence that it imposed on her unlawful use of a vehicle conviction, ORS 164.135, upon revocation of probation, consecutively to the sentences imposed in Case Nos. 19CR10795 and 19CR22431. In light of *State v. Lane*, 357 Or 619, 355 P3d 914 (2015), we are not convinced any error, if it exists, is obvious on the face of the record, as required under the first prong of *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

In defendant's supplemental assignment of error, she raises a plain-error challenge to the trial court's imposition of probation revocation sanctions based on allegations made after the probation term has expired, pursuant to *State v. Berglund*, 311 Or App 424, 425, 491 P3d 820 (2021). Even assuming there was legal error here under the first prong of *Ailes*, a point we do not decide, the presence of the global settlement agreement at play in this case persuades us that this is not an appropriate case in which to exercise our discretion under the second prong of *Ailes*.

Affirmed.