Argued and submitted July 29; vacated and remanded for resentencing in Case Nos. 14CR0739FE and 16CR50627, otherwise affirmed; judgment in Case No. 19CR75454 affirmed December 7, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER WILLIAM LaCOE,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR75454, 14CR0739FE, 16CR50627;
A174876 (Control), A174020, A174021

522 P3d 18

Defendant appeals from two judgments that revoked his probation and imposed sentences of incarceration. Relying on *State v. Berglund*, 311 Or App 424, 491 P3d 820 (2021), defendant argues that the trial court erred in denying his motion to dismiss the state's untimely filed supplemental allegation and in relying on that allegation to revoke probation. *Held*: The Court of Appeals concluded that, because the state did not file its supplemental probation violation allegation during defendant's probation period, the trial court lacked authority to revoke probation based on that supplemental allegation.

Vacated and remanded for resentencing in Case Nos. 14CR0739FE and 16CR50627; otherwise affirmed; judgment in Case No. 19CR75454 affirmed.

Ann Marie Simmons, Judge.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Armstrong, Senior Judge.

JOYCE, J.

Vacated and remanded for resentencing in Case Nos. 14CR0739FE and 16CR50627; otherwise affirmed; judgment in Case No. 19CR75454 affirmed.

**JOYCE, J.**

In this consolidated appeal, defendant challenges two judgments that revoked his probation and imposed sentences of incarceration. We conclude that, because the state did not file its supplemental probation violation allegation during defendant's probation period, the trial court lacked authority to revoke probation based on that supplemental allegation. Accordingly, we vacate the sentencing judgments and remand for further proceedings.

The relevant facts are few. In one of the cases, defendant was convicted of delivery of methamphetamine, a Class B felony, and felon in possession of a firearm, a Class C felony. In the other, he also was convicted of delivery of methamphetamine. In both cases, the trial court sentenced defendant to probation under the felony sentencing guidelines, *see* ORS 137.010(1); OAR 213-005-0008(1), through August 2019. In June 2019, the trial court issued an arrest warrant based on the state's allegation that defendant had violated the condition of probation to "[r]eport as directed and abide by the direction of the supervising officer." Defendant was arrested on the warrant in November 2019. In December 2019, after defendant's probation period was set to expire but before the probation revocation hearing, the state filed a supplemental affidavit alleging that defendant had violated a different condition of probation to "[o]bey all laws."

Defendant moved to dismiss the supplemental allegation, arguing that it was untimely because the state had filed it after the probation period had already expired. The trial court disagreed, concluding that the issuance of the arrest warrant in June 2019 had tolled the probation period from the time that he had failed to report until his arrest on the warrant. The trial court, relying in part on OAR 213-005-0008(3) (which we discuss in more detail below), ultimately found that defendant had violated the two conditions of probation as alleged, and it revoked probation in both cases.

On appeal, defendant contends that the trial court erred in denying his motion to dismiss and in relying on the state's supplemental allegation to revoke probation. Relying on *State v. Berglund*, 311 Or App 424, 491 P3d 820

(2021), defendant argues that a probation period cannot be automatically tolled and, because the sentencing court did not extend probation through a deliberate judicial act, the probation period ended in August 2019. We review a sentencing court's decision to revoke probation for legal error. *State v. Miller*, 224 Or App 642, 644, 199 P3d 329 (2008). We agree with defendant and conclude that the sentencing court lacked authority to revoke probation based on the state's supplemental allegation. We thus vacate the sentencing judgments and remand for further proceedings.

Whether the sentencing court correctly revoked defendant's probation necessarily depends on an understanding of the scope of a sentencing court's authority. That authority is circumscribed by statute, as supplemented by a well-developed body of case law. *See, e.g.*, *Berglund*, 311 Or App at 427; *State v. Coventry*, 290 Or App 463, 464, 415 P3d 97 (2018). A sentencing court's authority to revoke probation "exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized." *Coventry*, 290 Or App at 464 (internal quotation marks omitted). After sentencing for a felony under the guidelines, the court may "continue[] or extend[]" a probationary period at its discretion, ORS 137.545(1)(a), and the sentencing court "shall retain authority" to "determine whether conditions of probation have been violated and to impose sanctions for the violations if the court, at the time of sentencing, states on the record that the court is retaining such authority[,]" ORS 137.545(2); ORS 137.593(2); OAR 213-010-0001.

Moreover, when a sentencing court initiates a probation revocation proceeding, the scope of its retained authority "is tied to particular probation violations—the ones charged in the affidavit supporting the arrest warrant," both of which "must be filed during the probation period." *Berglund*, 311 Or App at 430 (internal quotation marks omitted). Conversely, the sentencing court lacks authority to revoke probation based on allegations that are filed after the probationary period ends, even when the alleged violations were committed during the probationary period. *Miller*, 224 Or App at 645; *see also Berglund*, 311 Or App at 433 ("there is no statute conferring [] authority" to adjudicate a

probation violation that was alleged after the probationary period has ended). Thus, when a person commits a potential probation violation during the probationary period, and then the scheduled end date for probation passes, a sentencing court must extend probation through a "'deliberate judicial act'" before it can adjudicate the alleged violation and revoke probation on that basis. *Berglund*, 311 Or App at 432; *State v. Vanlieu*, 251 Or App 361, 368-69, 283 P3d 429 (2012) (an extension of probation "is a deliberate judicial act; it is not the automatic consequence of the [initiation of proceedings] to revoke a defendant's probation").

Turning back to this case, the question that we must decide is whether defendant's probation period had ended before the state filed its supplemental allegation in December 2019; if so, the sentencing court did not retain authority to adjudicate that alleged violation. The state maintains that the probation period had not yet ended when it filed the supplemental allegation. Initially, the state argued that the probation period was "effectively tolled" by operation of law by issuance of the arrest warrant; thus, when the sentencing court revoked probation, it did so during the (tolled) probation period. In making that argument, the state relied on OAR 213-005-0008(3), which provides that "[t]he time during which the offender has absconded from supervision and a bench warrant has been issued for the offender's arrest shall not be counted in determining the time served on a sentence of probation."[1]

Perhaps recognizing that that position is untenable, *see Vanlieu*, 251 Or App at 370 ("[t]here is no indication that the legislature contemplated" that the probationary period could be extended by the mere filing of a show cause order; instead "the legislature conferred authority on trial courts to deliberately extend probation"), the state's argument shifted at oral argument. The state argued that, rather than the arrest warrant alone "effectively tolling" the probationary

---

[1] The state also argues that ORS 137.010(4) effectively tolled the probation period in the same manner as OAR 213-2005-0008(3). ORS 137.010(4) applies only to "an offense other than a felony committed on or after November 1, 1989[.]" In this case, defendant was sentenced to probation for three felonies, two of which were committed in March 2014 and one in April 2016. Thus, ORS 137.010(4) is not implicated in this case, and we do not address it further.

period, OAR 213-005-0008(3) first requires an adjudication of the factual question whether a defendant had absconded; the court's determination that the defendant has absconded then serves to extend the probationary period. The state's position aligns with defendant's understanding of OAR 213-005-0008(3): that it "permit[s] a court to extend probation beyond its statutory maximum if it is determined that a probationer has absconded from supervision." The state, however, maintains that the sentencing court here made the necessary finding that defendant had absconded, thereby extending his probationary period and rendering the supplemental probation violation allegation timely.

After reviewing the text and context of the rule, we conclude that the parties' reading is correct—that is, before a probationary period can be extended under OAR 213-005-0008(3), the sentencing court must first find that a probationer has absconded from supervision. That conclusion stems from the plain text of the rule, as well as the statutory context in which it arises.[2]

OAR 213-005-0008(3) provides that the time in which a defendant has absconded and a bench warrant has issued "shall not be counted in determining the time served on a sentence of probation." The rule does not, at least not directly, specify who does the "determining" and when that determination occurs. But given that a sentencing court's authority to extend probation must be a "deliberate judicial act" and cannot be the automatic consequence of filing a motion to revoke probation, *see Vanlieu*, 351 Or at 368, the only logical reading of the rule is that it is the sentencing court that must determine whether a defendant has absconded.

That is, as we have explained, before revoking probation after the scheduled expiration of probation, a sentencing

---

[2] In 1989, the legislature revised the state's sentencing laws and authorized the Oregon Criminal Justice Commission to adopt and implement sentencing guidelines for felonies committed on or after November 1, 1989. *State v. Lane*, 357 Or 619, 623-24, 355 P3d 914 (2015) (summarizing guidelines) (citing *State v. Nix*, 356 Or 768, 775, 345 P3d 416 (2015)); *see also Oregon Sentencing Guidelines Implementation Manual* i (1989). The legislature has since expressed approval of those guidelines, which are codified as administrative rules, although it has not formally adopted them as statutes. *Lane*, 357 Or at 624 (citing *State v. Langdon*, 330 Or 72, 74, 999 P2d 1127 (2000)).

court must explicitly extend the probation period through a "deliberate judicial act." *See Vanlieu*, 251 Or App at 369 ("[A] court may extend probation without finding a violation of a condition of probation *if, in its discretion, it determines* that the purposes of probation are not being served." (Emphasis added.)). Given that requirement, in order for time during which an offender has absconded to be "not *** counted in determining the time served on a sentence of probation," OAR 213-005-0008(3), the exclusion of that time, and the consequent extension of the probationary period, must also be the result of a "deliberate judicial act." *Miller*, 224 Or App at 646 (providing that OAR 213-005-0008(3) "guide[s] the exercise of judicial discretion in sentencing a defendant for a probation violation for absconding[.]"). That judicial act necessarily includes a determination that the offender has absconded. OAR 213-005-0008(3) (providing for extension of probationary period for the length of time "during which the offender has absconded from supervision and a bench warrant has been issued for the offender's arrest"). Indeed, up until that determination, as defendant observes, the probation violation allegations "are just that—allegations that the state has not yet proven," and, consequently, they do not permit an extension of the probationary period. *See Vanlieu*, 251 Or App at 370 (rejecting the idea that a probation term can be automatically extended by "the mere filing of a show cause order, even if the allegation of a violation were meritless").

        That reading is consistent with the statute governing sanctions for probation violations. Under ORS 137.593(2), for example, the sentencing court retains authority to "determine whether conditions of probation have been violated" so long as the court states on the record that it is retaining that authority. That provision reflects that it is the sentencing court that is charged with determining whether a defendant has violated their probation.[3]

---

[3] Understanding OAR 213-005-0008(3) to require the sentencing court to first determine whether a defendant has absconded, thereby allowing the sentencing court to deliberately extend the probation period and determine whether a defendant in fact violated their probation, is also consistent with this court's recent case law on the matter. *See Berglund*, 311 Or App at 432 ("[A]n expansion of the probationary period must be by explicit action of the sentencing court[.]"); *Vanlieu*, 251 Or App at 370 (rejecting idea that a probationary term is

With that understanding of OAR 213-005-0008(3) in mind, the question before us is whether the sentencing court found that defendant had absconded from supervision. Defendant argues that the sentencing court made no such finding while the state contends that it did. We conclude that it did not.

Understanding whether the sentencing court found that defendant absconded requires understanding the meaning of "abscond," as used in the rule. The rule itself does not define "abscond," nor is the term defined in the sentencing guidelines, or Oregon statutes. We thus turn to other sources. The Supreme Court previously considered the meaning of "abscond" as used in the Oregon Rules of Appellate Procedure, which also do not define "abscond," in *State v. Robbins*, 345 Or 28, 188 P3d 262 (2008). In doing so, the court relied on the dictionary, which defines "abscond" as: "to depart secretly **:** withdraw and hide oneself ✱✱✱; *specif* **:** to evade the legal process of a court by hiding within or secretly leaving its jurisdiction." *Id.* at 33 (quoting *Webster's Third New Int'l Dictionary* 6 (unabridged ed 2002)); *see also Black's Law Dictionary* 7 (8th ed 2004) (defining "abscond" as "[t]o depart secretly or suddenly, esp. to avoid arrest, prosecution, or service of process"). After reviewing the text of the rule and Oregon case law, the court concluded that the ordinary meaning of abscond, as defined by the dictionary, most accurately reflected the requirements of the rule. *Robbins*, 345 Or at 33-36.

Absent any evidence that the term "abscond" should have a different meaning under OAR 213-005-0008(3), we similarly adopt its ordinary meaning for purposes of that rule. As such, when determining whether a defendant has absconded from supervision, the sentencing court must consider whether the defendant's actions show that the defendant intended to evade or avoid legal process, "not simply that the defendant failed to attend one meeting with a probation officer or could not be located for a brief period of time[.]" *Robbins*, 345 Or at 36.

---

"automatically" extended by filing of a show cause order); *Miller*, 224 Or App at 646 (OAR 213-005-0008(3) "guide[s] the exercise of judicial discretion in sentencing a defendant for a probation violation for absconding[.]").

Here, the trial court made no findings as to whether defendant had absconded. The state argues that because it originally alleged that defendant had absconded, the trial court necessarily found that defendant had absconded when it substantiated the state's allegation. The problem with that argument is that the state did not allege that defendant had absconded, but rather alleged that defendant had failed to "[r]eport as directed and abide by the direction of the supervision officer" when he missed a single meeting with a probation officer. Nor are we persuaded by the state's argument that warning a defendant in advance of the meeting with his probation officer that a failure to report "will be considered as absconding from supervision" constitutes an allegation of absconding. The state's pronouncement of what conduct it thinks may constitute "absconding" is not equivalent to an allegation that the defendant has absconded; rather, the state simply informed defendant how it would view and respond to potential events. The failure to report can be—but is not necessarily—absconding. *See Robbins*, 345 Or at 37 ("A single missed appointment is not enough to conclude that defendant was hiding or that [they] sought to evade the court's jurisdiction."). However, having reviewed the record, we cannot say that the sentencing court found that defendant had absconded from supervision when there was no allegation and no judicial finding that defendant's actions demonstrated an intention to hide from or evade the court's jurisdiction. Thus, here, OAR 213-005-0008(3) did not provide for an extension of the probationary period.

Because the sentencing court did not extend probation through a deliberate judicial act, the probation period ended in August 2019. Thus, the sentencing court lacked authority to revoke probation based on the state's supplemental allegation, which was filed four months after the probation period ended.[4]

---

[4] We agree with defendant that the error is not harmless. Although the sentencing court could have revoked defendant's probation based only on the timely filed probation violation, we cannot say that there is little likelihood that the untimely allegation affected the revocation decision. A remand for resentencing is therefore required.

Vacated and remanded for resentencing in Case Nos. 14CR0739FE and 16CR50627; otherwise affirmed; judgment in Case No. 19CR75454 affirmed.