No. 50 January 29, 2025 515

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TROY CAJE DEMPSEY,
aka Troy Dempsey,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR33587; A182104

Adrian L. Brown, Judge.

Submitted December 13, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Troy Dempsey filed the supplemental reply brief *pro se.*

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals a judgment revoking probation. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief includes a Section B. *See* ORAP 5.90(1)(b). In Section B, defendant argues that the trial court had no authority to revoke his probation because his probation had expired before the probation revocation hearing. We granted leave for defendant to file an amended *pro se* reply brief. Considering the record and defendant's arguments, we affirm.[1]

We review a sentencing court's decision to revoke probation for legal error. *State v. LaCoe*, 323 Or App 74, 76, 522 P3d 18 (2022). A sentencing court's authority to revoke probation exists solely by virtue of a statutory grant of power. *Id.* "[T]he retained authority of a sentencing court to adjudicate a probation violation is limited to violations that are reported and charged during the probation period." *State v. Berglund*, 311 Or App 424, 430, 491 P3d 820 (2021). Before revoking probation after the scheduled expiration of probation, a sentencing court must extend the probation period through a "deliberate judicial act." *State v. Vanlieu*, 251 Or App 361, 368, 283 P3d 429 (2012).

OAR 213-005-0008(3) provides that the time during which "the offender has absconded from supervision and a bench warrant has issued for the offender's arrest shall not be counted in determining the time served on a sentence of probation." "[W]hen determining whether a defendant has absconded from supervision, the sentencing court must consider whether the defendant's actions show that the defendant intended to evade or avoid legal process, not simply that the defendant failed to attend one meeting with a probation officer or could not be located for a brief period of time[.]" *LaCoe*, 323 Or App at 80 (internal quotation marks omitted).

Here, in January 2018, defendant pleaded no contest to violating a stalking protective order and he was

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

sentenced to five years of probation. Over four years later, in August 2022, the trial court issued a bench warrant because defendant failed to report as directed and failed to notify his probation officer of an address change. In September 2022, defendant wrote a letter to the trial court explaining his situation. The trial court responded by informing defendant of two pending warrants. Nevertheless, defendant did not turn himself in, and he was arrested in February 2023.

Thereafter, defendant's probation revocation hearing was set over a number of times. In May 2023, defendant moved to dismiss the probation revocation proceedings on the ground that his probation had expired in January 2023. At a hearing on the motion, the trial court determined that defendant's period of probation was tolled between August 2022 and February 2023, because defendant had absconded during that period of time by failing to turn himself in after being informed of pending warrants. As a result of that tolling period, defendant's probation did not expire until July 2023. In May 2023, the trial court found that defendant had violated the terms of his probation and imposed a sentence of 40 months in prison and 20 months of post-prison supervision.

Having reviewed the record, including the trial court file, the transcript of the hearings, the *Balfour* brief, Section B of the brief, the state's answering brief, and defendant's amended *pro se* reply brief, we conclude that there may have been an "arguably meritorious issue" for purposes of ORAP 5.90 as to whether defendant's conduct constituted absconding such that the trial court was justified in tolling the expiration of the period of probation under OAR 213-005-0008(3). That is, we do not perceive defendant's claim of error, which involves consideration and application of the standard relatively recently announced in *LaCoe* to somewhat unique factual circumstances, to be frivolous. We have not, however, identified any other arguably meritorious issues. Reviewing defendant's *pro se* arguments in Section B and in his amended reply brief, the state's answering brief, and the record, we conclude that the trial court did not err in determining that defendant absconded, thereby tolling the period of probation and extending its term. As a result, we do not request supplemental briefs on that issue under

ORAP 5.90(3). Instead, because that issue has been briefed by the parties, and additional briefing at this point would not materially aid the decision-making process while needlessly prolonging it, on our own motion, we find good cause to waive ORAP 5.90(3). Because we have identified no other arguably meritorious issues, we affirm the judgment revoking probation.

Affirmed.