Argued and submitted June 30, reversed and remanded September 2, 1998

# STATE OF OREGON,
*Respondent,*

*v.*

# FRANCISCO PAEZ-LOPEZ,
*Appellant.*

(95-3750BC2; CA A97027)

964 P2d 1083

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Tammy Hawkins, Certified Law Student.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals from a judgment revoking his probation and sentencing him to 16 months' imprisonment. We conclude that the trial court abused its discretion in revoking defendant's probation and reverse.

Defendant, a foreign national, was arrested in September 1995 and charged with possession and delivery of a controlled substance. He pleaded guilty to the delivery charge and was sentenced to 36 months' probation. As a condition of that probation, defendant was prohibited from remaining in or reentering the United States illegally. On August 1, 1996, defendant was deported. In March 1997, defendant was arrested in Jackson County. At the time of his arrest, he told his probation officer that he had reentered the country about four months earlier. The probation officer placed an immigration hold on defendant, and defendant subsequently was charged in federal court with illegal entry.[1]

On March 12, 1997, the state moved to revoke defendant's probation on the grounds that he had reentered the United States illegally and that the purposes of probation were not being served. At the show cause hearing, defendant's probation officer testified that defendant had told him that "he knew he wasn't to return, but his wife and children were here." An employee of the Immigration and Naturalization Service (INS) then testified that, on the basis of his brief review of defendant's file, defendant was "not legally in the United States as far as I can tell * * *." The INS employee also testified that persons who have been deported may apply for permission to reenter. He stated that, in order to determine whether a person has made such an application, the local agents "phone into headquarters, and they send us a certificate stating that [the person] did not." This "certificate of nonexistence" of an application to reenter is then placed in the person's file. The INS employee testified that there was no such certificate in defendant's file, but that he assumed, because there was nothing else in the file to show that defendant was in the country legally, that defendant must have

---

[1] The record does not indicate the outcome of the federal charges. At the time of trial, defendant had not yet been tried on the charges.

reentered the United States illegally. On cross-examination, the employee admitted that, without the certificate of non-existence, he could not be sure that defendant was in the country illegally.

At the conclusion of testimony, the trial court stated:

> "Well, this Court ordered that he not [reenter] the United States illegally, *and frankly I think the burden is on him to prove that he's back here legally.* He's come back to the United States. He was illegal when he was taken out, and I'm satisfied of that. You know, I could take judicial notice that the United States government deports people who have been convicted of felony drug charges automatically. There's no if, ands or buts about it."

(Emphasis added.)

> "Probation is not a matter of right, but a matter of discretion. Probation is granted, withheld or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime."

*Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964). Defendant argues that the trial court abused its discretion by relieving the state of its burden of proving that defendant had violated probation by reentering the country illegally and by placing the burden on him to prove that he was in the country legally. The state contends in response that, under 8 USC § 1182-(a)(9)(A),[2] defendant could not reenter the country legally unless he fit into a statutory exception, and that the trial court correctly concluded under the statute that defendant bore the burden of proving the affirmative defense of the statutory exception. We agree with defendant.

---

[2] 8 USC § 1182(a)(9)(A) provides, in pertinent part:

"(I) Arriving aliens. Any alien who has been ordered removed * * * and who again seeks admission within 5 years of the date of such removal (or within 20 years in the case of a second or subsequent removal or at any time in the case of an alien convicted of an aggravated felony) is inadmissible.

"* * * * *

"(iii) Exception. Clauses (I) and (ii) shall not apply to an alien seeking admission within a period if, prior to the date of the alien's reembarkation at a place outside the United States or attempt to be admitted from foreign contiguous territory, the Attorney General has consented to the alien reapplying for admission."

In order to succeed on its motion to revoke defendant's probation, the state had to prove by a preponderance of the evidence that he had violated the terms of probation. *State v. Donovan*, 305 Or 332, 335, 751 P2d 1109 (1988). In other words, the state had to prove that defendant had reentered the country illegally.[3] The state's argument that the trial court was addressing the affirmative defense available under the federal statute when it spoke of defendant's burden is unavailing. There is no indication in the record that the trial court was aware of the statute. The court's statement that it "could take judicial notice" of the fact that aliens who commit felonies are automatically deported is of no consequence; first, because the court did not actually take such judicial notice and, second, because there is no dispute that defendant was deported—the issue was whether defendant had reentered the country illegally. Even if it were the case that defendant bore the burden of proving that he had applied for and been granted an exception under 8 USC § 1182(a)(9)(A)(iii), that burden would not have arisen until the state had presented enough evidence to prove that, apart from any exception, defendant was in the country illegally.

The only evidence presented by the state was the probation officer's testimony that defendant had stated that he "knew he wasn't to return" to the country and the INS employee's testimony that defendant was not legally in the country "as far as [he could] tell." It is possible that, had the trial court properly allocated the burden of proof, it would have found this evidence to be sufficient to meet the state's burden. Because the trial court erred by failing to require the state to prove the elements of the charge that defendant had entered the country illegally and because that failure was, under the circumstances, an abuse of discretion, we reverse the judgment of the trial court.

Reversed and remanded.

---

[3] The state argues that the trial court also had the discretion to revoke defendant's parole because "[e]ven if the state did not carry its burden of proving that defendant reentered this country illegally, the trial court could still have determined that continuing defendant's probation would be inappropriate in this case and contrary to his rehabilitation." The problem with that argument is that here the court never made such a finding. The court's decision was based solely on its conclusion that defendant had the burden of proving that he was legally in the country and that he had not met that burden.