Argued and submitted July 29, affirmed September 21,2022.

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# MELISSA MICHELE HAMILTON,
*Defendant-Appellant.*

## Clackamas County Circuit Court
18CR33964; A173967

518 P3d 618

Pursuant to a plea agreement, defendant pleaded guilty and was convicted of five theft offenses, and she was sentenced to 60 months' probation. As a condition of her probation, defendant was required to "enter and complete drug court." After defendant repeatedly violated drug-court program rules, the court terminated her participation in the drug-court program and revoked her probation. On appeal, defendant argues that the court plainly erred by revoking her probation for violating a drug-court program rule, because drug-court program rules are not probation conditions, and courts only have authority to revoke probation for probation violations. In the alternative, defendant contends that the trial court abused its discretion by revoking her probation under the circumstances. *Held*: On plain-error review, the record allowed for competing inferences—one of which was that the court revoked defendant's probation for violating the probation condition that she "enter and complete drug court," which the court had authority to do—so any error with respect to the court's authority to revoke probation was not plain. The trial court also did not abuse its discretion by revoking under the circumstances.

Affirmed.

Ann M. Lininger, Judge.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Connor Barnes, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Armstrong, Senior Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

Pursuant to a plea agreement, defendant was convicted of five theft offenses and sentenced to 60 months' probation. As a condition of probation, she was ordered to "enter and complete drug court," *i.e.*, the Clackamas County Drug Treatment Court Program. After 15 months, during which defendant repeatedly violated drug-court program rules, the court terminated defendant's participation in the drug-court program and revoked her probation. On appeal, defendant assigns error to the revocation of her probation. She argues that the court plainly erred by revoking her probation "for violating a drug-court program rule," because drug-court program rules are not probation conditions. In the alternative, she argues that the court abused its discretion by revoking her probation when she "technically violated a drug-court program rule but remained sober and law-abiding." We affirm.

### FACTS

In November 2018, as part of a global resolution of over a dozen outstanding criminal charges, defendant pleaded guilty to and was convicted of one count of first-degree aggravated theft and four counts of first-degree theft. She petitioned to enter into the court's drug-court program. The court accepted defendant's guilty pleas, convicted her, sentenced her to 60 months' probation, and imposed a condition of probation that defendant "enter and complete drug court." That condition is reflected in the sentencing judgment, which imposes a probation condition that defendant "[o]bey all *** court orders" and orders defendant to "enter and complete drug court."

Defendant entered the drug-court program in December 2018. To enter the program, she signed a petition containing various waivers and commitments, including that she would "complete the treatment program to the satisfaction of the Court." Between December 2018 and March 2020, defendant admitted to 11 violations of drug-court program rules, including, *inter alia*, missing urinalysis appointments, arriving late to drug-court appearances, missing individual or group treatment sessions, and failing to complete treatment assignments. Defendant was sanctioned for

most of the violations, but she remained in the drug-court program.

On March 30, 2020, at a drug-court appearance, the state informed the court that defendant had missed an appointment on March 20 with her individual treatment provider, Troccoli, and was out of contact with Troccoli and the treatment team from March 20 to March 27. Defendant denied the allegations. The court set a contested hearing for April 6 of the following week.

When the April 6 hearing began, the court described it as a "contested probation violation" hearing. Troccoli testified as follows. As part of her participation in the drug-court program, defendant was required to have a working and accurate phone number and to remain in weekly contact with Troccoli. It was against program rules for defendant to substitute contact with other treatment team members in lieu of contacting her individual provider. On March 20, defendant had a phone appointment scheduled with Troccoli, which had been confirmed twice, that defendant missed. Defendant had Troccoli's phone number and email address but never contacted her directly. Instead, defendant contacted another team member, Knox, hours after her scheduled appointment, asking him to give her new phone number to Troccoli. (Knox testified that he agreed to do so and did so, but that it was defendant's responsibility to contact her treatment provider.) On March 23 and 24, Troccoli tried several times to reach defendant at her old phone number but received a message that it was no longer in use. On March 27, Troccoli and defendant finally connected mid-day, approximately three hours after their scheduled weekly appointment, when Troccoli learned of defendant's new phone number and reached her at that number.

Defendant also testified at the contested hearing. She explained what had happened from her perspective.

At the conclusion of evidence, defense counsel argued that, although there was "factual noncompliance," the circumstances did not indicate a "willful violation in terms of her probation." The state countered that defendant had committed "a factual and a willful violation of probation" by failing to stay in contact with Troccoli. The court agreed with

the state, concluding that the state had proved by a preponderance of the evidence that defendant "was not making a good faith effort to comply with the requirements of her probation by having her one-on-one treatment sessions," and finding defendant "in both factual and willful violation of her probation."

The parties then addressed "disposition." The state asked that defendant "be revoked from the adult drug court program," based on her history of program violations (which the state described), and that she be sentenced to 38 months in prison per her prior stipulation. At that point, defendant called an additional witness, who testified to defendant's positive progress with sobriety and with parenting her children since entering the drug-court program. Defense counsel then argued to the court that, given the nature of defendant's violation (being out of phone contact with Troccoli for a week), "it would be disproportionate to revoke her probation and send her to prison at this time." Defense counsel made a vigorous argument against terminating defendant from the drug-court program and revoking her probation, with particular emphasis on the COVID-19 pandemic, defendant's progress in the drug-court program, defendant being 20 months' sober and crime-free, and defendant having four children in her care.

After hearing the evidence and arguments, the court decided to terminate defendant from the drug-court program and revoke her probation. It explained that, although it was good that defendant had maintained sobriety "in some manner," there had been an "extraordinary, consistent succession of examples of failure to comply with program requirements," defendant had been given "far more opportunities for do-overs" than other participants, and it was "undermining the program itself." The court therefore decided to terminate defendant from the drug-court program, simultaneously revoked her probation, and sentenced her to 38 months in prison as stipulated in her plea agreement.

Defendant appeals, assigning error to the revocation of her probation. As previously described, she makes two alternative arguments, one pertaining to the court's

authority and the other to the court's discretion. We address each in turn.

## THE COURT'S AUTHORITY TO REVOKE PROBATION

Defendant argues that the trial court plainly erred by revoking her probation "for violating a drug-court program rule" (defendant's words), because drug-court program rules are not probation conditions, and courts only have authority to revoke probation for probation violations. As defendant acknowledges, she did not raise that issue in the trial court, so our review is limited to plain-error review. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we may consider a "plain error." ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is an issue of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). If the trial court made a "plain error," it is a matter of discretion whether we will correct it. *Id*.

For purposes of this appeal, it is undisputed that the trial court could revoke defendant's probation only if she violated a condition of her probation. *See State v. Kelemen*, 296 Or App 184, 192, 437 P3d 1225 (2019) (a trial court has "discretionary authority to revoke probation" upon the "finding of a new crime or other violation of the conditions of probation"). There is no contention that defendant committed a new crime or that she could be revoked on some basis other than violating a probation condition.

It is also undisputed that compliance with drug-court program rules was not a condition of defendant's probation. The only relevant probation condition was that defendant "enter and complete drug court." To the extent that defendant violated program rules, the court had wide latitude to address such violations within the drug-court program by, for example, cautioning her, sanctioning her, or terminating her from the program. But, as long as defendant remained

in the drug-court program, any violations of program rules were only that—violations of program rules—and could not themselves be said to constitute *probation* violations.

A probation violation would occur, however, if defendant was terminated from the drug-court program. Upon termination from the drug-court program, defendant would be in obvious violation of her probation condition that she "enter and *complete* drug court." (Emphasis added.)

We emphasize that, in this case, defendant was criminally convicted and sentenced to probation, and entering and completing the drug-court program was one condition of her probation. That is different from a nonconvicted defendant entering drug court as a diversion program and being put on diversionary probation. When drug court is used as a diversion program, the defendant enters into a "probation agreement." ORS 137.532(1). If the defendant fulfills the terms of the probation agreement, the criminal charges are dismissed with prejudice. ORS 137.532(1)(b), (3). If the defendant violates a term of the probation agreement, the court may resume the criminal proceedings and may rely on the waiver of rights in the probation agreement to find the defendant guilty as charged. ORS 137.532(2).

When a defendant is convicted, sentenced to probation, and put into the drug-court program as a probation condition—and then violates drug-court program rules—the considerations relevant to deciding whether to terminate the defendant from the drug-court program are not necessarily identical to those relevant to deciding whether to revoke probation. A court deciding whether to terminate someone from a drug-court program presumably will be most interested in the person's progress in the drug-court program, compliance with program rules, and success in meeting program goals. By contrast, a court deciding whether to revoke probation and impose imprisonment may consider a broader range of information, such as the person's overall success on probation and overall compliance with general and special probation conditions (including but not limited to the drug-court condition). *See Barker v. Ireland*, 238 Or 1, 4, 392 P2d 769 (1964) ("Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided

by a balancing of considerations of public safety and reha-bilitation of persons convicted of crime."). Thus, it is entirely possible—at least in theory—that a court could decide to terminate a defendant's participation in the drug-court pro-gram, find the defendant in violation of a probation condition for failing to complete the drug-court program, but exercise its discretion to continue probation.

As should be apparent from our discussion so far, if it were clear that the trial court in fact revoked defendant's probation simply *for violating a drug-court program rule*—as defendant contends—we would agree that the court lacked authority to do so, because complying with drug-court pro-gram rules was not a condition of defendant's probation. The difficulty for defendant is that her argument comes to us in a plain-error posture, and we are unpersuaded that the requirements for plain error are met.

One requirement for an error to be "plain" is that it must be "apparent on the record without our having to choose among competing inferences." *Vanornum*, 354 Or at 629. Here, at the April 6 hearing, the state, defense counsel, and the trial court all used the term "probation violation" in an imprecise manner, to refer both to violation of a drug-court program rule and to violation of a probation condition. Moreover, the state, defense counsel, and the trial court all seem to have collectively understood that, if defendant was terminated from the drug-court program, the trial court would likely revoke her probation.

In that context, the trial court did not clearly delin-eate between its decision to terminate defendant from the drug-court program (which it explained at some length) and its decision to revoke defendant's probation (which it did not separately explain). However, we disagree with defendant that the only conclusion to be drawn from this record is that the court revoked defendant's probation for violating a drug-court program rule. Everyone's imprecise use of the term "probation violation" injected some ambiguity into the situation and generally risked confusing issues, but, ulti-mately, one plausible reading of the record is that the court revoked defendant's probation because she had violated the probation condition to "enter and complete drug court," not

because she had violated a drug-court program rule. There is no question that the court had authority to revoke probation for failure to complete the drug-court program, as that was a probation condition.[1] *See Kelemen*, 296 Or App at 192 (recognizing the trial court's "discretionary authority to revoke probation" upon the finding of a "violation of the conditions of probation").

Because the record allows for competing inferences as to the court's basis for revoking defendant's probation—one of which was legally permissible—the alleged error is not "apparent on the record without requiring the court to choose among competing inferences" and therefore is not "plain." *Vanornum*, 354 Or at 629.

That largely resolves defendant's argument that the court lacked authority to revoke her probation on the basis that it did. Defendant weaves a secondary procedural argument into her primary substantive argument, however, which we address briefly. Essentially, defendant argues that she was given notice only of the state's allegation that she had violated a drug-court program rule (subjecting her to the potential of a program sanction or termination from the program), not of an alleged probation violation (subjecting her to the potential of a probation sanction or probation revocation), and that it was therefore improper for the court

---

[1] We express no opinion as to whether a trial court could require as a condition of probation that a defendant enter and complete drug court *and comply with all drug-court program rules*. Defendant argues that drug-court program rules cannot be incorporated into probation conditions, by analogy to a line of cases holding it erroneous to revoke a defendant's probation for failure to comply with a probation officer's directive, such as a directive not to use alcohol. *See, e.g*, *State v. Hardges*, 294 Or App 445, 432 P3d 268 (2018); *State v. Rivera-Waddle*, 279 Or App 274, 379 P3d 820 (2016). That line of cases involves the general probation condition in ORS 137.540(1)(m) that a probationer must "report as required *and abide by the direction of the supervising officer*" (emphasis added), which we have narrowly construed to apply only when a probation officer's directive relates to the reporting requirement. *Hardges*, 294 Or App at 452. Requiring compliance with drug-court program rules would be different, because there is no statutory probation condition to be construed. It also would be different because drug court is a program run by the court, not a separate entity with "derivative" authority like a probation officer. *See Rivera-Waddle*, 279 Or App at 279 ("[A] probation officer's status with respect to his probationer is derivative. It cannot be greater than that of the court which gave the probationer into his charge." (Internal quotation marks omitted.)). In any event, we need not resolve whether a court *could* impose a probation condition to comply with drug-court program rules, because no such condition was imposed here.

to hold a probation violation hearing.[2] *See State v. Wibbens*, 238 Or App 737, 741, 243 P3d 790 (2010) ("some due process protections" attach to probation violation proceedings, including the right to a "fair and meaningful opportunity" to refute or impeach the evidence).

Again, we reiterate that we are in a plain-error posture. On this record, given the lack of any objection to the procedure that the court followed, the description of the hearing as a "probation violation" hearing, and the fulsome opportunity that defendant was given and took to argue against probation revocation, it is not "obvious" that defendant was in any way deprived of due process. *Vanornum*, 354 Or at 629 (for an error to be "plain," the legal point must be "obvious and not reasonably in dispute"). Moreover, nothing in this record suggests that defendant suffered any detriment from the procedure that the court followed—in terms of her ability to prepare for and present a meaningful argument against probation revocation—which would dissuade us from exercising our discretion in any event. *See Gornick*, 340 Or at 167 (when a claim of error was not preserved in the trial court, but the error is "plain," we have authority to correct it, but it is a matter of discretion whether we will do so). We therefore also reject defendant's procedural argument regarding the court's authority to act as it did.

### THE COURT'S EXERCISE OF DISCRETION

We next consider defendant's alternative argument that, even if the court had authority to revoke probation as it did, the court abused its discretion by doing so in these particular circumstances. As she did in the trial court, defendant

---

[2] Defendant's procedural argument is directed more to the content of the notice than its form, although she does point out that no show-cause order was issued for the April 6 hearing. "'Probation is a statutory process,'" *State v. Berglund*, 311 Or App 424, 429, 491 P3d 820 (2021) (quoting *State v. Ludwig*, 218 Or 483, 492, 344 P2d 764 (1959)), and probation violation proceedings are typically commenced "through a show cause order or a bench warrant." *State v. Miller*, 224 Or App 642, 645, 199 P3d 329 (2008); *see also State v. Vanlieu*, 251 Or App 361, 367-68, 283 P3d 429 (2012) (construing ORS 137.545 to allow a court to issue a show-cause order to commence a probation violation proceeding, without issuing an arrest warrant). Here, the state's allegation was raised in defendant's presence at a drug-court appearance, and a hearing was set for the next week. Given the lack of objection to that process, and it not being directly challenged on appeal, we express no view on the form of notice.

points to the COVID-19 pandemic, her sobriety, her lack of new criminal activity, and her four children, to argue that probation revocation and a resulting 38-month prison sentence was too harsh a consequence for a "minor" violation of drug-court program rules. She contends that she should not have been revoked from probation when she "technically violated a drug-court program rule but remained sober and law-abiding."

For the reasons discussed in the last section, we presume that the court revoked defendant's probation for failure to complete the drug-court program, not for violating a drug-court program rule *per se*. The question, therefore, is whether it was an abuse of discretion to revoke defendant's probation, in these circumstances, for violating the probation condition to "enter and complete drug court." We cannot say that it was. Certainly, the court had discretion to continue defendant's probation, notwithstanding her probation violation. But we cannot say that the *only* legally permissible outcome was to continue defendant's probation. *See State v. Rodgers*, 330 Or 282, 312, 4 P3d 1261 (2000) (describing abuse-of-discretion standard).

No one asked the court to explain the reasoning behind its discretionary decision to revoke defendant's probation after terminating her from the drug-court program, and the court did not expressly state its reasoning on the record. However, under the circumstances, it is reasonable to infer that the court viewed the completion of the drug-court program as such a critical condition of defendant's probation that it was unwilling to continue probation once defendant was terminated from that program. Such a determination falls within the range of legally permissible outcomes and, therefore, was not an abuse of discretion.

Affirmed.