No. 191 March 27, 2024 621

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AMBER MAE STONE,
*Defendant-Appellant.*

Umatilla County Circuit Court
20CR06780; A178487

Jon S. Lieuallen, Judge.

Submitted February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kate E. Morrow, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

## ORTEGA, P. J.

Defendant appeals the judgment revoking her probation and imposing a 15-month term of incarceration. In a single assignment of error, she argues that the trial court abused its discretion when it revoked her probation, because her probation violations were relatively minor and were connected with being homeless and not having reliable access to a phone. Defendant argues that the court had to consider community safety and defendant's rehabilitation in its decision. We conclude that the court's decision to revoke defendant's probation was within its allowable discretion. Accordingly, we affirm.

We review the revocation of probation for abuse of discretion. OAR 213-010-0001; *State v. Hamilton*, 321 Or App 803, 813, 518 P3d 618 (2022), *rev den*, 370 Or 740 (2023). The court's discretion is "guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime." *Barker v. Ireland*, 238 Or 1, 4, 392 P2d 769 (1964).

Citing ORS 137.592, ORS 137.595(1), and ORS 137.599, defendant argues that the legislature enacted those statutes "to guide the trial court in making its decision." She also cites OAR 291-058-0010(3)(a),[1] which in substance recites the provisions of ORS 137.592 as the policy of the Department of Corrections. Defendant argues that the trial court was required to consider the factors set out in those provisions and to balance "as it must, the needs of public safety and the rehabilitation of the offender."

In response, the state points out that, to the extent that defendant is arguing on appeal that the trial court was legally required to consider and balance the factors mentioned in those authorities, her argument is unpreserved. We agree. The state also argues that the statutes do not pertain to a trial court's decision whether to revoke probation. Rather, they are directed at a court's decision to impose sanctions, and what sanctions are appropriate.

---

[1] In her brief, defendant cites OAR 213-010-0001. That rule, however, does not contain the text quoted by defendant. Instead, the quoted text is found in OAR 291-058-0010(3)(a). We, thus, assume that defendant intended to cite OAR 291-058-0010(3)(a). Regardless, any mistake in that citation has no effect on our decision.

Even assuming that the court's exercise of discretion should be guided by the authorities that defendant cites, the trial court did not abuse its discretion here. Defendant was on probation for a felon in possession of a firearm conviction, following a plea agreement dismissing three other charges, including one count of possession of methamphetamine. Her probation was part of the sentencing agreement reached by the parties and included the availability of 90 jail-sanction days and an agreement that, if defendant's probation were revoked, defendant would be sentenced to 15 months' imprisonment.

In fact, the court revoked defendant's probation after hearing evidence that she had failed to communicate with her probation officer and was not engaging in services or programs and after finding that she had violated her probation a third time. During the probation violation hearing, it was clear that the trial court and both parties considered it imperative that defendant engage in substance abuse treatment. But defendant had not done that, despite it being a focus of her two prior probation violation hearings. The court could conclude that probation was not working as a means to get defendant into treatment, and it was within the court's discretion to revoke on that basis. *See Hamilton*, 321 Or App at 813 ("[U]nder the circumstances, it is reasonable to infer that the court viewed the completion of the drug-court program as such a critical condition of defendant's probation that it was unwilling to continue probation once defendant was terminated from that program. Such a determination falls within the range of legally permissible outcomes and, therefore, was not an abuse of discretion.").

Affirmed.