No. 730 August 13, 2025 603

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AMY LYNN ZIMMERMAN,
aka Amy L. Zimmerman,
*Defendant-Appellant.*

Marion County Circuit Court
15CR58947, 18CR66984; A181840 (Control), A181841

Matthew L. Tracey, Judge pro tempore.

Submitted on May 09, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Amy Zimmerman filed the supplemental briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this consolidated criminal appeal involving two separate cases, defendant appeals from a judgment revoking probation in one of those cases, 18CR66984. Defendant argues that the court abused its discretion by revoking probation and, as we understand her *pro se* supplemental brief, that the court erred by imposing prison time despite her successful completion of Veteran's Treatment Court. We conclude that the court's decision to revoke defendant's probation was within its allowable discretion and, accordingly, affirm.

In case number 18CR66984, defendant pleaded guilty to three counts of identity theft, ORS 165.800, two counts of first-degree forgery, ORS 165.013, and one count of perjury, ORS 162.065. At the time of her plea, defendant was on probation for an earlier conviction in case number 15CR58947. As part of the plea settlement, defendant stipulated to 36 months of supervised probation in case number 18CR66984, and the court continued her probation in case number 15CR58947. The parties further stipulated that defendant would be subject to a term of imprisonment if the court revoked her probation.

Approximately a year later, defendant was arrested for driving under the influence of intoxicants (DUII), and the state issued a motion to show cause why defendant's probation should not be revoked. For various reasons, the DUII prosecution was delayed for multiple years. During the time that it was pending, defendant appeared on the state's probation violation motion and admitted to violating her probation in both cases, conceding that she had "failed to obey all laws." The court revoked defendant's probation for both cases.

On appeal, defendant challenges the court's revocation of probation in case number 18CR66984. Defendant argues that the court "identified no reason for revocation" of her probation in case number 18CR66984, beyond the court's statement that it was terminating her probation in case number 15CR58947.

We review the revocation of probation for abuse of discretion. OAR 213-010-0001; *State v. Hamilton*, 321 Or App 803, 813, 518 P3d 618 (2022), *rev den*, 370 Or 740 (2023).

The court did not abuse its discretion. A court may exercise its discretion to revoke probation "upon a finding that the offender has violated one or more of the conditions of probation." OAR 213-010-0001; *see also* ORS 137.540(7) ("Failure to abide by all general and special conditions of probation may result in *** revocation of probation[.]"). One of the general conditions of defendant's probation in case number 18CR66984 was to "[o]bey all laws, municipal, county, state and federal." Defendant admitted to violating that condition following her charge for DUII when she admitted that she "failed to obey all laws." Although the court did not specifically refer to that admission when it revoked defendant's probation, it is "reasonable to infer" that its discretionary decision was based on that admission. *See Hamilton*, 321 Or App at 813 (affirming the court's decision to revoke probation despite its failure to explain its reasoning because it was "reasonable to infer" that the discretionary decision was based on the defendant's failure to complete a condition of probation).

Finally, in her *pro se* supplemental brief, defendant argues that she should not be subject to incarceration because she "successfully completed Veteran's Treatment Court and all probation conditions." Although it appears that Veteran's Treatment Court was an important component, and perhaps the focus of, defendant's probation, it was not the only condition that defendant had to fulfill. Despite her successful completion of Veteran's Treatment Court, defendant did not comply with the probation condition to "obey all laws." Defendant had previously agreed that if she failed to comply with the conditions of probation, she would be subject to a term of imprisonment. The sentences that the trial court imposed were in accordance with the parties' stipulated agreement.

Defendant also raises additional concerns in her *pro se* brief; however, those concerns do not challenge any specific trial court ruling as required by ORAP 5.45(3). As a result, we are unable to review them. *Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 278 Or App 354, 360, 374 P3d 978, *adh'd to as modified on recons*, 281 Or App 322, 383 P3d 409 (2016).

Affirmed.