474 February 25, 2026 No. 150

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH LOUIS SMALLWOOD,
*Defendant-Appellant.*
Lane County Circuit Court
22CR02274; A184222

Debra K. Vogt, Judge.

Submitted January 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

## O'CONNOR, J.

Defendant was convicted of aggravated theft (Count 1), ORS 164.057, and felon in possession of a firearm (Count 2), ORS 166.270. In a downward departure from a prison term, the court sentenced defendant to 48 months' supervised probation for both counts. Defendant appeals from a judgment revoking his probation for violations that the court found, including (1) being terminated from a drug treatment court program and (2) failing to obey all laws in committing the crime of unauthorized use of a motor vehicle (UUV) by keeping his mother's car after she withdrew his authorization to use it.

In a single assignment of error, defendant challenges those findings. He contends that, because the state failed to prove that he could not have re-entered the drug treatment program and completed it within time remaining on his probation, the court's determination of a violation was premature. And he contends that because his conduct in failing to return his mother's car was not a "gross deviation" from the permission she gave him to use the car, it did not constitute UUV. *See* ORS 164.135(1)(d) (A person commits the offense of unauthorized use of a motor vehicle if the person "knowingly retains or withholds possession [of the vehicle] for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement."). We review for legal error the sufficiency of the evidence to support the trial court's ruling that the state proved, by a preponderance of the evidence, that defendant had violated the conditions of his probation. *State v. Adams*, 302 Or App 730, 739-40, 462 P3d 761 (2020); *see also State v. Paez-Lopez*, 155 Or App 617, 621, 964 P2d 1083 (1998) (to succeed on a motion to revoke a defendant's probation, the state must prove a violation of probation by a preponderance of the evidence). We conclude that the trial court did not err and therefore affirm.

The state argues that defendant did not preserve the argument that the state failed to prove a "gross deviation" from his mother's permission to use her car as required to establish the UUV offense. As the state correctly points out, defendant argued below that he had not used the vehicle

during the time during which he did not have his mother's explicit permission. The trial court found that defendant had "used" the vehicle during the unauthorized period by sleeping in it. We agree with the state that defendant did not preserve the argument he now makes on appeal that his use of the vehicle did not constitute a "gross deviation" from his mother's permission. That is a different argument from the argument defendant made below, and it requires a different factual inquiry. Had defendant made that argument to the trial court, the court could have addressed it in the first instance. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (holding that a party must "provide the trial court with an explanation of [their] objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately"). The argument is unpreserved. Defendant does not request plain error review, and we decline to review the issue as plain error. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (explaining that we "ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked" us to do so).

As a condition of defendant's probation, he was required to "enter and successfully complete [Lane County Treatment Court]." The record includes an order of the trial court terminating defendant's drug treatment program, in which the court found that defendant had "failed to successfully participate" in the program. The trial court determined that defendant's failure to successfully participate in the drug treatment program violated the condition that he "enter and successfully complete" treatment court. Defendant contends that the trial court mistakenly considered his termination from the drug treatment program to be a violation of the probation condition, because the state failed to show that he lacked sufficient time remaining in his probation to re-enter and complete the program.

The state responds that defendant's termination from drug treatment was sufficient in and of itself to meet the state's burden to show that defendant had not successfully completed drug treatment, relying on *State v. Hamilton*, 321 Or App 803, 809, 518 P3d 618 (2022), *rev den*, 370 Or 740

(2023). We agree. In *Hamilton*, the defendant was sentenced to 60 months' probation and required to "enter and complete drug court" as a condition of probation. 321 Or App at 810. Some 16 months into her probation, the trial court terminated the defendant from drug court because of the defendant's repeated rule violations and nonparticipation. *Id.* at 805. We concluded in *Hamilton* that when it is a condition of probation that the person "enter and complete" a drug-court program, a court's termination of the person's participation in the program "is an obvious violation" of the probation condition. *Id.* at 809.

Here, a condition of defendant's probation required him to "enter and successfully complete" the drug treatment court. Defendant entered the program, but he did not successfully complete it because the trial court terminated his participation when he failed to "successfully participate." As in *Hamilton*, defendant's termination from the drug treatment program is a violation of the probation condition that he "enter and successfully complete" the drug treatment court. That was sufficient evidence for the trial court to conclude that the state had met its burden to prove a violation.

Defendant argues that the state failed to meet its burden, because it did not show that there was insufficient time remaining in defendant's probation for him to re-enter and complete the drug treatment program. We have not previously addressed that argument. The trial court's termination of defendant's participation in the program based on its finding that defendant had not successfully participated was, itself, a violation of the probation condition that he "enter *and successfully complete*" the drug treatment court. *See Hamilton*, 321 Or App at 809 (emphasis added) (concluding that "[u]pon termination from the drug-court program, [the] defendant would be in obvious violation of her probation condition that she 'enter and *complete* drug court'" (emphasis in original)). Defendant entered the program, but he did not successfully complete it. The allegation that defendant had violated that condition of probation did not place on the state an additional burden to show that defendant could not have re-entered and completed the program during the time remaining on his probation.

The trial court could have exercised its discretion to continue defendant's probation, and it could have relied on additional information, including the time remaining on defendant's probation, when doing so. *See Hamilton*, 321 Or App at 809-10 (noting that "a court could decide to terminate a defendant's probation in the drug-court program, find the defendant in violation of a probation condition for failing to complete the drug-court program, but exercise its discretion to continue probation"). That, however, is a different question than whether the evidence permitted the court to find defendant in violation of the condition. The trial court did not err when it found that defendant had violated the condition of probation that required him to enter and successfully complete the drug treatment court.

Affirmed.