No. 223 March 18, 2026 901

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANNA LOUISE DUBOIS,
*Defendant-Appellant.*

Coos County Circuit Court
22CR61740; A185605

Martin E. Stone, Judge.

Submitted February 5, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment revoking probation and imposing a sentence of 24 months in prison and 24 months of post-prison supervision. In a single assignment of error, defendant argues that the trial court abused its discretion in revoking her probation because it "did not explain how defendant's admissions contributed to its decision to revoke her probation." The state responds that, at the revocation hearing, defendant did not raise the argument she now raises on appeal, and thus it is unpreserved. The state further argues that, nonetheless, the trial court did not err. For the reasons explained below, we affirm.

We review the ultimate decision to revoke probation for abuse of discretion. *State v. Hamilton*, 321 Or App 803, 813, 518 P3d 618 (2022), *rev den*, 370 Or 740 (2023); OAR 213-010-0001. A trial court has discretionary authority to revoke probation upon "the finding of a new crime or other violation of the conditions of probation." *State v. Kelemen*, 296 Or App 184, 192, 437 P3d 1225 (2019); *see also* ORS 137.540(7) ("Failure to abide by all general and special conditions of probation may result in * * * revocation of probation * * *.").

Defendant was placed on probation following a guilty plea. Rather than a prison sentence, the sentencing court imposed a downward dispositional departure to 36 months of formal probation and jail time. At a probation revocation hearing, defendant admitted to five probation violations: (1) "providing a [urine] sample testing positive for meth, and * * * admitting to the use of meth," (2) "failing to comply with treatment recommendations," (3) "failing to report for scheduled [urinalysis] testing," (4) "failing to report a change of address to [her] supervisory officer," and (5) "failing to report to the probation office as directed." The trial court found that defendant's admissions were knowing and voluntary, and that defendant violated her probation based on those admissions. The trial court revoked defendant's probation on those bases. The court noted that when defendant previously violated her probation, a sanction was imposed, but she was given the opportunity to continue probation. After defendant was provided with that second

opportunity, the court found that she had made some positive progress, but she failed to comply with several of her probation conditions.

Assuming without deciding that defendant preserved her claim of error, we conclude that the trial court did not err by revoking defendant's probation based on defendant's admissions. The trial court provided a sufficient explanation for its exercise of discretion by noting defendant's previous probation violations, the opportunities she was given to comply, and the number of violations she admitted to. The trial court's ruling was consistent with its finding that defendant failed to abide by the conditions of her probation, and thus the trial court did not err by revoking her probation.

Affirmed.